STATE OF CONNECTICUT *v.* WILLIAM O. VAN KEEGAN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 20—decided April 5, 1945.

34

*John S. Barton,* for the appellant (defendant).

*Albert L. Coles,* prosecuting attorney, for the appellee (state).

DICKENSON, J.    Chapter 161a of the Cumulative Supplement of 1935 provides for the regulation of opticians and optical establishments.    Section 1159c establishes a commission of opticians.    Section 1161c is as follows: "No optical glasses or kindred products or other instruments to aid vision shall be sold at retail except under the supervision of a licensed optician and in a licensed optical establishment, office or store.    Any optical establishment, office or store, not under the supervision of a licensed optician, may sell eyeglasses upon a permit from said commission to so sell, provided such permit shall specify the articles which may be sold.    Said commission shall have the power to issue such a permit."    The defendant was charged with violating this section in three counts: (1) in conducting an optical store without a permit; (2) in conducting the store without supervision of a licensed optician; (3) in selling optical instruments at retail in violation of the section.    The defendant appeared in court and orally admitted the acts charged, stating that he sold such instruments only on prescription of a licensed physician employed by him, who served the

customers on the premises, and that he did not attempt to measure the vision of the eye. The state agreed that these were the facts and were to be made a part of the record as a basis for the decision of a demurrer which the defendant then filed. The demurrer was overruled, and the defendant pleaded not guilty, was found guilty in a trial to the court without a jury and was fined on all three counts. He has appealed from the overruling of the demurrer upon two grounds: (1) that the statute is invalid; (2) that he did not violate it, because he sold only on prescription of the physician employed by him and did not attempt to measure vision. We shall overlook the patent defects in the information and the informalities of procedure and follow the trial court and counsel in regarding the record as presenting these issues. Conn. App. Proc., § 22.

The defendant's claim that he did not violate the statute may be stated broadly to be that chapter 161a excepts optometrists from its provisions and chapter 161, relating to optometrists, excepts physicians from its provisions, and hence, that optical instruments sold on prescription of a licensed physician employed by him and serving his customers on the premises, with no attempt on the part of the defendant to measure vision of the eye, did not constitute a violation of the statute. The short answer to this claim is that physicians prescribe and opticians fill prescriptions and that chapter 161a relates to the filling of prescriptions, not to the making of them. One of the statutory definitions of an optician is "one . . . skilled in the technique of producing and reproducing ophthalmic lenses and kindred products and mounting the same to supporting materials." § 1175c. Such mechanical skill is not required of a physician nor is it a tenable claim that the legislature presumed that a physician would have such skill.

It is apparent that the supervision of a physician in the defendant's store did not comply with the provision of chapter 161a requiring a licensed optician.

The defendant admittedly sold optical instruments without a store permit. He claims that the statute requiring one is unconstitutional as an unlawful attempt to delegate power to the commission. Section 1167c gives the commission authority to make regulations concerning the granting of permits to optical departments. Section 1162c provides that the commission shall grant permits "upon satisfactory evidence to said commission that such . . . store is being conducted in accordance with the regulations of said commission." The only suggestion as to the character of such regulations is that they must not be inconsistent with law and must be in keeping with the provisions of chapter 161a. Nowhere in the chapter are there any provisions as to the method of conducting the business which would limit the regulations. No sufficient guide for the exercise of the discretion reposed in the commission has been set up. *Connecticut Baptist Convention* v. *McCarthy,* 128 Conn. 701, 704, 25 Atl. (2d) 656. No standards for the issuance of permits have been specified. *Eastern Oil Refining Co., Inc.* v. *Court of Burgesses,* 130 Conn. 606, 611, 36 Atl. (2d) 586. "It [the legislature] does not undertake to prescribe rules of conduct to be applied to particular states of fact determined by appropriate administrative procedure. Instead of prescribing rules of conduct, it authorizes the making of codes to prescribe them." *Schechter Corporation* v. *United States,* 295 U. S. 495, 541, 55 Sup. Ct. 837. In *State* v. *Stoddard,* 126 Conn. 623, 628, 13 Atl. (2d) 586, we said, "A Legislature, in creating a law complete in itself and designed to accomplish a particular purpose, may expressly authorize an administrative agency to fill up the details by prescrib-

ing rules and regulations for the operation and enforcement of the law. In order to render admissible such delegation of legislative power, however, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration." The necessary standards upon which the commission is to base its regulations as to the suitability of optical establishments entitling them to a permit are not established by chapter 161a.

The remaining counts of which the defendant was convicted come under the common head of selling optical instruments without the supervision of a licensed optician, as required by the statute. The defendant's claim, in this respect, is that no adequate provision has been made for the licensing of opticians, hence the absence of one in his store does not subject him to criminal prosecution.

The preliminary requirements in the act for taking an examination to become a licensed optician are reasonably certain. See *Douglas* v. *Noble*, 261 U. S. 165, 169, 43 Sup. Ct. 303. Section 1164c provides that no person shall be admitted to take an examination until he shall have satisfied the commission that he is twenty-one or more years of age, is of good moral character and has had four years' practical experience in the business, or the equivalent in a reputable college of opticians from which he has received a diploma. The section, however, purports to deal with two classes: those already engaged in the occupation of

optician at the time of passage of the act, and others. The distinction was apparently overlooked in providing for an examination, for the final sentence in the section requires as a condition precedent to the granting of a license that "application for such license shall be made to the commission, together with satisfactory proof of such knowledge, skill, technique and ability on or before March 1, 1936." As the section reads, no person may be granted a license without compliance with that requirement. The effect of this, restricting as it does the granting of licenses to persons of the requisite qualifications applying before March 1, 1936, was obviously not that intended by the legislature. "A legislative intention not expressed in some appropriate manner has no legal existence. We are not at liberty to speculate upon any supposed actual intention of the legislature." *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 Atl. 540; *State ex rel. Brown* v. *Lawlor,* 119 Conn. 155, 163, 174 Atl. 415. The intention of the legislature can only be shown by its vote. *Litchfield* v. *Bridgeport,* 103 Conn. 565, 573, 131 Atl. 560. Reasonable certainty is a prime requisite in a statute and its absence invalidates the statute. *Vallat* v. *Radium Dial Co.,* 360 Ill. 407, 412, 196 N. E. 485. The rule is of greater insistence when a criminal prosecution is involved. *United States* v. *Resnick,* 299 U. S. 207, 209, 57 Sup. Ct. 126; *Smith* v. *Cahoon,* 283 U. S. 553, 562, 51 Sup. Ct. 582; *Connally* v. *General Construction Co.,* 269 U. S. 385, 391, 46 Sup Ct. 126; *People* v. *O'Gorman,* 274 N. Y. 284, 287, 8 N. E. (2d) 862. We hold § 1164c to be invalid for uncertainty.

There is error, the judgment is set aside and the case is remanded with direction that a judgment of acquittal be entered.

In this opinion the other judges concurred.