BERNARD WEST ET AL. *v.* JOHN J. EGAN, LABOR COMMISSIONER

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 91645

Memorandum filed January 7, 1954.

*Milton M. Koskoff,* of Plainville, for the Plaintiffs.

*William L. Beers,* Attorney General, and *Raymond J. Cannon,* Assistant Attorney General, for the Defendant.

Thim, J. Plaintiffs, Bernard West and John W. Kirkham, are challenging the constitutionality of chapter 180 of the General Statutes, as amended, and the validity of part of a regulation (hereinafter referred to as gratuities regulation) issued by the defendant pursuant to § 1537c of the 1953 Cumulative Supplement and reading as follows: "Allowance for gratuities as part of the minimum fair wage shall not exceed 30¢ per hour for hotel and restaurant industries or not more than 15¢ per hour for employees in any other industry in which it can be established that gratuities have, prior to the effective date of [§ 1537c] customarily and usually constituted and been recognized as part of the employee's remuneration for hiring purposes for the particular employment. Gratuities received in excess of the amount specified herein as allowable need not be reported or recorded for the purposes of this regulation. The wage paid to each employee shall be at least 75¢ per hour for each hour worked, which may include gratuities not to exceed the limitation herein set forth provided all conditions herein set forth are met."

Plaintiffs operate a restaurant in Plainville known as Cooke's Tavern and in the operation of the business they do not pay their waiters and waitresses any wage and the only source of income received by these employees for services rendered is tips from patrons. All employees in this occupation average more than 75 cents per hour from tips. Section 1528c of the 1953 Cumulative Supplement, subsection (1), established a minimum fair wage of 75 cents per hour, and § 1537c, subsection (a), requires an employer to pay not less than the minimum fair wage provided for in § 1528c.

The gratuities regulation authorizes an allowance for gratuities not to exceed 30 cents per hour as part of the minimum fair wage, and this result requires plaintiffs to pay these employees 45 cents per hour each. Plaintiffs claim they should be allowed to credit all tips received by their employees from patrons against the minimum wage they must pay in accordance with § 1537c.

Plaintiffs argue that § 1537c and chapter 180 are unconstitutional on the grounds that no legislative policy was declared, no primary standards were established, the standards as set forth are indefinite, the legislative intent has not been clearly stated and the appeal section of chapter 180 does not protect the rights of the public and private individuals. They rely on the doctrine expressed in *State* v. *Stoddard*, 126 Conn. 623.

The legislature under § 1528c, and not the defendant, declared the minimum fair wage to be not less than 75 cents per hour and granted authority to the labor commissioner (defendant) to issue regulations as may be appropriate to assure compliance with the requirement of the statute. Regulations may recognize certain services as part of the minimum fair wage.

The legislature does have the constitutional authority to enact a minimum fair wage law, and contracts between employer and employee concerning services are subject to reasonable control by regulations. It is for the legislature to determine what is in the public interest in providing for a minimum fair wage to be paid employees. *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 392.

In exercising constitutional authority, the legislature is required to clearly set forth the legislative policy and if a particular purpose is to be accomplished by an administrator or agency, the law must clearly specify the standards, guides and authority which control the action of the person or agency charged with issuing regulations and administering them. *State* v. *Stoddard,* 126 Conn. 623; *State* v. *Van Keegan,* 132 Conn. 33.

Sections 1528c, 1529c, 1530c and 1531c do declare the legislative policy concerning a fair wage, and it was the intention of the legislature that employees be paid a fair wage. Administrative power has been properly delegated to the labor commissioner and wage boards to investigate and hold hearings concerning wages, hours of employment, conditions affecting the health, safety and general well being of employees. Procedure to be followed by the labor commissioner and wage boards is clearly set forth in these sections, all of which are part of chapter 180.

The legislature has adequately expressed the legislative policy and established proper standards governing the agency charged with administering the laws concerning the minimum wage to be paid by employers. *State* v. *Stoddard,* supra; *Duys & Co.* v. *Tone,* 125 Conn. 300.

Plaintiffs in their brief claim that § 1537c is invalid and urge the court to declare it unconstitu-

tional. They further contend that if this section is constitutional, defendant has not properly followed the provisions of the statute concerning the issuance of the gratuities regulation, which allows a sum not to exceed 30 cents per hour as part of the minimum fair wage of 75 cents per hour as provided in § 1528c.

The statute is mandatory in that it requires employees to be paid a minimum fair wage of 75 cents per hour except that the labor commissioner by regulation may recognize, as part of the minimum fair wage, gratuities received by the employees.

Plaintiffs assert that no proper standards or intelligent principles are set forth in § 1537c. On the contrary, an examination of this statute reveals a legislative intent that employers pay employees not less than the minimum fair wage as defined in § 1528c (75 cents per hour). The labor commissioner, after consultation with a board composed of not more than three representatives each of employers and employees in the industry affected, may issue regulations to carry out the purpose and objectives intended to be accomplished by the legislature. Various matter concerning occupations and employees may be controlled by proper regulation, and before any regulation can be issued a public hearing must be held by the labor commissioner.

Section 1537c constitutes a proper delegation of authority to the labor commissioner and reasonable standards controlling administrative action are included in the legislative enactment. *State* v. *Stoddard,* supra, *Duys & Co.* v. *Tone,* supra.

Both parties have cited in their briefs the case of *California Drive-In Restaurant Assn.* v. *Clark,* 22 Cal. 2d 287, and in this case a wage order was sustained forbidding employers to treat, as part of the minimum wage, tips received by employees.

Our legislative body expressed a desire to permit an allowance to employers and delegated its authority to the labor commissioner to control the subject matter by regulation.

The claim that the appeal did not follow the procedure prescribed in § 1532c or that the evidence did not justify the setting of 30 cents as the gratuities allowance cannot be sustained. From an examination of defendant's exhibit 1, the court finds the labor commissioner held meetings with groups representing employers and employees of the restaurant industry and also representatives of the public. Following these meetings, a public hearing was held on the proposed regulation. Gratuities allowances were fully discussed at the different meetings and at the public hearing. Sufficient evidence was presented to the labor commissioner from which he could find that the sum of 30 cents was a reasonable gratuities allowance to incorporate in the regulation as part of the minimum fair wage and that it would assist in assuring compliance with the requirement of the statute. The defendant did comply with § 1537c before issuing the gratuities regulation.

The final claim of plaintiffs is that § 1532c (concerning orders and appeals) was not complied with by defendant, in that testimony and evidence were not taken and a finding made by him before issuing the regulation. The reference in this statute concerning these requirements refers primarily to wage board hearings specified in the previous sections of chapter 180. Section 1537c did not require the labor commissioner to follow the same procedure before issuing the gratuities regulation. Defendant did file in court a certified transcript of the entire record of his proceedings and action taken by him.

Section 1537c and other sections of chapter 180 as they may relate to this appeal are constitutional.

It is presumed that the legislature had an adequate and reasonable basis for the enactment of this legislation. The law, as passed, has a wide application and of necessity requires a delegation of power to fully and orderly administer the statutory mandate.

The appeal is dismissed.