LEN-LEW REALTY COMPANY, INC. *v.* HENRY G. FALSEY,
BUILDING INSPECTOR OF THE CITY OF NEW HAVEN, ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 9—decided July 23, 1954

*David M. Reilly, Jr.,* with whom, on the brief, was *David M. Reilly,* for the appellant (plaintiff).

*Harold M. Mulvey,* assistant corporation counsel, with whom, on the brief, was *George W. Crawford,* corporation counsel, for the appellees (defendants).

WYNNE, J. The plaintiff is the owner of a hotel at 105 Crown Street in New Haven. On July 25, 1950, the defendant Falsey, as building inspector of the city of New Haven, notified the plaintiff by letter that it had not complied with a notice in the name and under the authority of the fire marshal directing a number of things to be done for fire safety in the building. Falsey's letter included an order in the following language: "You are hereby ordered, therefore, under the authority of Section 633i of the Fire Safety Code and Section 4101 of the General Statutes of the State of Connecticut, to cause all of the work necessitated by such order to be completed on or before October 24, 1950."

The finding discloses that in issuing the order in question Falsey acted, in conjunction with the other defendant, the acting fire marshal of New Haven, un-

der General Statutes, §§ 3665, 3666, 3668, 3676, 3677, 3678 and 4101, and under the provisions of the fire safety code established by the state fire marshal. The assignment of errors, while expressed in three paragraphs, raises simply the question of the constitutionality of these statutes and the validity of the code. The action is in two counts. The first in terms is an appeal from the orders in question. Section 3679 of the General Statutes provides for such an appeal. The second count raises the question of constitutionality and seeks an injunction restraining the defendants from proceeding with the orders. The trial court found the statutes and the code valid, and it is this conclusion that is the subject of appeal.

The plaintiff makes the claim that the authority granted to the state fire marshal under §§ 3665 through 3678, inclusive, is an unlawful delegation of power. It is claimed that these statutes do not declare a legislative policy or establish primary standards for carrying out a declared legislative policy. Section 3665 provides for the establishment of a fire safety code. Section 3666 defines in general terms the purport of such a code. These sections read as follows: "Sec. 3665. FIRE SAFETY CODE. The state fire marshal shall establish a fire safety code and at any time may amend the same. The regulations in said code shall provide for reasonable safety from fire, smoke and panic therefrom, in all buildings except in private dwellings occupied by one or two families, and upon all premises except those used for manufacturing. Sec. 3666. CODE TO SPECIFY MINIMUM REQUIREMENTS. Said code shall specify reasonable minimum requirements for fire safety in new and existing buildings and facilities. Regulations may be in accordance with the size, type of

construction and nature of use or occupancy of such buildings or facilities. No regulation made in accordance with sections 3665 to 3667, inclusive, shall be inconsistent with the provisions of the statutes nor impair the rights of municipalities to enact ordinances and make orders with respect to buildings as provided in section 4087 and section 4088, so far as such ordinances or orders specify requirements equal to, additional to or more stringent than the regulations issued under the authority of sections 3665 to 3667, inclusive."

In §§ 3667, 3668, 3675, 3676, 3677 and 3678, provision is made for the publication of the code, the penalty for its violation, inspections by local fire marshals and reports, the abatement of fire hazards, the conferring of authority for the proper execution of the code, and the manner in which orders under it are to be promulgated and enforced. Finally, in § 3679 an appeal is provided as follows: "Sec. 3679. APPEAL. Any person aggrieved by an order of the local fire marshal or state fire marshal relative to the enforcement of the statutes concerning fire prevention and safety may appeal therefrom to the court of common pleas in the county where the premises concerned are located."

The fire safety code which, prepared under the statutes referred to above, was in effect at all times in question consists of forty-seven pages. General provisions are set forth in five pages. That part of the code dealing with hotels is found under article 2 and covers seven pages. There follow in articles 3 and 4 various provisions applicable to all buildings included in the code. Article 5 deals with hospitals and article 6 with convalescent homes.

We first consider the claim that the statutes are unconstitutional. When the General Assembly has

passed a law deemed to be for the public welfare, it will be upset only when it is found to be clearly in violation of constitutional provisions. We said in *Lyman* v. *Adorno,* 133 Conn. 511, 514, 52 A.2d 702: "[A] proper regard for the very limited authority of the judicial department to interfere with the determination by the General Assembly as to those provisions of law which will serve to further the welfare of the citizens of this state requires that we make every intendment in favor of the validity of the act, and we can hold it unconstitutional only if there is no reasonable ground upon which it can be sustained. 'It is our duty to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless its invalidity is, in our judgment, beyond reasonable doubt.' " While it is true that the law-making power is in the legislative branch of our government and cannot be delegated, we have recognized the place of administrative agencies in modern society. The General Assembly in passing a law designed to accomplish a particular purpose may expressly create an administrative agency. The statutes under consideration have as their avowed purpose "reasonable safety from fire, smoke and panic." § 3665. This is a legislative policy certainly within the police power of the state. The filling in of details by prescribing rules and regulations for the operation and enforcement of the law can properly be delegated to an administrative agency.

The basic rule concerning the exercise of the police power by the legislature and the delegation to an administrative officer of power to fill in the administrative details is well stated in *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586; see also *State* v. *Kievman,* 116 Conn. 458, 462, 165 A. 601; *State* v.

*Vachon,* 140 Conn. 478, 484, 101 A.2d 509 (citing *State* v. *Van Keegan,* 132 Conn. 33, 38, 42 A.2d 352, and containing a very apt quotation from *State ex rel. Altop* v. *Billings,* 79 Mont. 25, 35, 255 P. 11); *Connecticut Co.* v. *Norwalk,* 89 Conn. 528, 531, 94 A. 992; *State* v. *Darazzo,* 97 Conn. 728, 733, 118 A. 81. In *Keating* v. *Patterson,* 132 Conn. 210, 216, 43 A.2d 659, the broad legislative statement of the purpose of the zoning regulations—to promote "the health, safety, morals and general welfare of the community"— was relied upon to afford a sufficient guide for an administrative board to which certain powers had been delegated. We held that it was not a sufficient guide. But compare that broad statement of purpose with the provisions of General Statutes §§ 3665 and 3666. Section 3666 requires that the "code shall specify reasonable minimum requirements for fire safety in new and existing buildings and facilities." It further states that "[r]egulations may be in accordance with the size, type of construction and nature of use or occupancy of such buildings or facilities." It then sets forth a limitation with respect to the consistency of the regulations with existing statutes, naming them, and the powers of municipalities to enact ordinances and make orders with respect to buildings, as provided in two other statutes also cited. Sections 3665 and 3666 appear to go as far as they can in laying down standards which furnish a suitable guide in the adoption of regulations applicable to the entire state.

As to the regulations themselves, it would seem that they are sustainable and reasonable under the circumstances of this case because of the grave danger to life and property in a congested area of a large city. It is true, as the plaintiff points out, that the code provides that where such terms as "proper,"

"adequate," and the like are used in it, they shall be understood to mean proper, adequate, etc. to the satisfaction or in the opinion of the enforcing authority, thus vesting in him some discretion. That discretion, however, is one which must be exercised in reason. It does not permit arbitrary or illegal action. Consequently the code, even at points where it merely requires safeguards which are "proper" or "adequate," establishes standards adequate to guide the enforcement of it. Regulations or orders might be reasonable as applied to one situation but not to another. See *Corthouts* v. *Newington,* 140 Conn. 284, 290, 99 A.2d 112. The regulations and orders in the instant case are directed toward a hotel in the heavily built downtown section of New Haven. The courts can pass upon the reasonableness of these regulations and orders as applied to a particular situation under the provision of the statute (§ 3679) providing for an appeal. The exercise of discretion by the fire marshal is subject to review for abuse.

There is no error.

In this opinion the other judges concurred.