## Bernard West et al. *v.* John J. Egan, Labor Commissioner

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued May 5—decided June 7, 1955

*Milton M. Koskoff,* for the appellants (plaintiffs).

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (defendant).

BALDWIN, J. The plaintiffs appealed to the Superior Court, under General Statutes, Cum. Sup. 1953, § 1532c, from the action of the defendant labor com-

missioner in establishing a regulation under the minimum wage law. General Statutes, c. 180. The court found the issues for the defendant and ordered judgment dismissing the appeal of the plaintiffs. They have appealed from this judgment.

The facts found by the trial court, with certain warranted corrections, may be stated in brief as follows: On December 31, 1951, the plaintiffs were engaged in the restaurant business in Plainville. They paid no wages to their waiters and waitresses but allowed them to retain for their services the tips they received from patrons. The amount of these tips exceeded the minimum of seventy-five cents per hour of employment prescribed by law. General Statutes, Cum. Sup. 1953, § 1528c (i). On December 31, 1951, the defendant, acting pursuant to Cum. Sup. 1953, § 1537c,[1] published the following regulation: "Allowance for gratuities as part of the minimum fair wage shall not exceed 30 cents per hour for hotel and restaurant industries or not

[1] "Sec. 1537c. PAYMENT OF LESS THAN MINIMUM WAGE. REGULATIONS. . . . (b) The labor commissioner, after consultation with a board composed of not more than three representatives each of employers and employees in the occupation or industry affected and of an equal number of disinterested persons representing the public, shall make such administrative regulations as may be appropriate to carry out the purposes of this chapter. Such regulations may include, but are not limited to, regulations defining and governing outside salesmen; learners and apprentices, their number, proportion and length of service; piece rates in relation to time rates; and may recognize as part of the minimum fair wage, bonuses, gratuities, special pay for special or extra work, deductions and allowances for the reasonable value of board, lodging, apparel or other items or services supplied by the employer; and other special conditions or circumstances which may be usual in a particular employer-employee relationship. The commissioner may provide, in such regulations, modifications of the minimum fair wage herein established for learners and apprentices; physically or mentally handicapped; minors under the age of eighteen years; and for such special cases or classes of cases as the commissioner may find appropriate to prevent curtailment of employ-

more than 15 cents per hour for employees in any
other industry in which it can be established that
gratuities have, prior to the effective date of [§ 1537c
of the 1953] supplement to the General Statutes,
customarily and usually constituted and been recog-
nized as part of the employee's remuneration for
hiring purposes for the particular employment.
Gratuities received in excess of the amount specified
herein as allowable need not be reported or recorded
for the purposes of this regulation. The wage paid
to each employee shall be at least 75 [cents] per
hour for each hour worked, which may include gra-
tuities not to exceed the limitation herein set forth
provided all conditions herein set forth are met."
As a result of the regulation, the plaintiffs are re-
quired to pay their waiters and waitresses forty-five
cents per hour in addition to the tips they receive.
Before publishing the regulation, the defendant, as
required by § 1537c, consulted with a board repre-
senting employers and employees in the restaurant
industry and the general public. Allowances for
gratuities were fully discussed at the meetings of
the board and at a subsequent public hearing held
by the defendant. He consulted with the board and
determined that thirty cents per hour should be
allowed for gratuities received by service employees
in the restaurant and hotel industries for incorpora-
tion in the fair minimum wage for such employees
as set forth in the regulations.

The court concluded that the statute and the regu-

ment opportunities, avoid undue hardship and safeguard the mini-
mum fair wage herein established. (c) Regulations of the commis-
sioner issued pursuant to subsection (b) of this section shall be made
only after publication and public hearing by the commissioner, at
which hearing any person may be heard. Such regulations shall take
effect upon publication in the Connecticut Law Journal as provided
in sections 280 to 287, inclusive."

lation did not violate constitutional principles and that the regulation was lawfully adopted and was not arbitrary or unreasonable. The plaintiffs challenge these conclusions. The defendant filed in the Superior Court a transcript of the entire record of the proceedings for the making of the regulation, and this record is before the court on appeal.

The defendant claims that the plaintiffs cannot, in an appeal taken pursuant to § 1532c, challenge the constitutionality of the law and the regulation adopted by virtue of it. It is true, generally, that a party cannot avail himself of an appeal as provided for by a statute and in the same proceeding attack the constitutionality of the statute. *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462, and cases cited. The taking of such an appeal, however, would not preclude him from raising the constitutional issue in an independent proceeding. *Gionfriddo* v. *Windsor,* 137 Conn. 701, 703, 81 A.2d 266. This question of procedure was not raised or considered in the trial court. See *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 558, 53 A.2d 655. Since the issue of constitutionality is presented and the case was tried below on that issue, and since the public interest is involved, we will decide the question. *Ruppert* v. *Liquor Control Commission,* 138 Conn. 669, 673, 88 A.2d 388; *Armstrong* v. *Hartford,* 138 Conn. 545, 549, 86 A.2d 489.

The plaintiffs claim that the minimum wage law, particularly § 1537c, is constitutionally invalid because it is an illegal delegation of legislative power to the labor commissioner, is uncertain and indefinite in its terms, and violates the due process and equal protection clauses of the fourteenth amendment to the federal constitution. "When the constitutionality of legislation is in question it is the

duty of the court to sustain it unless its invalidity is beyond a reasonable doubt." *Amsel* v. *Brooks,* 141 Conn. 288, 294, 106 A.2d 152, and cases cited. This is due to a proper regard for the limited authority of the judicial department of the government to interfere with a determination made by the legislature as to how best to serve the public welfare. *Lyman* v. *Adorno,* 133 Conn. 511, 514, 52 A.2d 702. The primary purpose of the minimum wage law is to require the payment of fair and just wages. *Attruia* v. *Attruia,* 140 Conn. 73, 77, 98 A.2d 532. Like our workmen's compensation and unemployment compensation laws, the minimum wage law should receive a liberal construction in order that it may accomplish its purpose. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 146, 93 A. 245; *Acquarulo* v. *Botwinik Bros., Inc.,* 139 Conn. 684, 687, 96 A.2d 752; *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82, 20 A.2d 455; *New Haven Market Exchange, Inc.* v. *Administrator,* 139 Conn. 709, 712, 97 A.2d 262. Legislation designed to accomplish a particular purpose may authorize an administrative agency to provide the details of the operation of the statute through rules and regulations made and promulgated by the agency. This delegation of power is proper if the statute declares a legislative policy, establishes primary standards for carrying it out, or lays down an intelligible principle to which the agency must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoins a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration. *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586; *Len-Lew Realty Co.* v. *Falsey,* 141 Conn. 524, 527, 529, 107 A.2d 403;

see *Keating* v. *Patterson,* 132 Conn. 210, 216, 43 A.2d 659. The plaintiffs properly insist that the statutes and regulation here involved be tested by this rule.

The legislative policy of the minimum wage law is to establish "a wage fairly and reasonably commensurate with the value of a particular service or class of service rendered." Cum. Sup. 1953, § 1528c (c). In fixing a fair wage, the labor commissioner and the wage board established pursuant to the statutes are to take into account all relevant circumstances affecting the value of the services rendered, including hours and conditions of employment affecting the health, safety and general well-being of the workers, what such services are reasonably worth, and what is paid by other employers for services of a like or comparable nature, subject to certain specified exceptions. § 1528c (c). The minimum wage fixed cannot be less than seventy-five cents per hour. § 1528c (i). These statements of policy and standards are as definite and certain as the nature of the situation permits. We conclude that the statute of which the plaintiffs complain does not illegally delegate legislative power. *State* v. *Vachon,* 140 Conn. 478, 482, 101 A.2d 509. Furthermore, the statute and the regulation purport to act in a field appropriate to the reasonable exercise of the police power by the state, and they do so in a manner that does not contravene constitutional principles of due process or equal protection of the laws. *United States* v. *Darby,* 312 U.S. 100, 125, 61 S. Ct. 451, 85 L. Ed. 609; see *Adkins* v. *Children's Hospital,* 261 U.S. 525, 563, 43 S. Ct. 394, 67 L. Ed. 785 (dissenting opinion).

The plaintiffs contend that tips are wages and that the total amounts received by employees should be considered in any determination of whether they are receiving for their services less than the mini-

mum wage. The plaintiffs contend, further, that the regulation allowing gratuities to be considered as part of the fair minimum wage to the extent only of thirty cents per hour for hotel and restaurant workers is unreasonable. The act states that "wages" shall mean "compensation due to an employee by reason of his employment." § 1528c (h). We have said that " 'wages' ordinarily mean the compensation paid to a hired person for labor or services"; *Berlin Iron Bridge Co.* v. *Connecticut River Banking Co.,* 76 Conn. 477, 482, 57 A. 275; and also, that they are "compensation for labor." *Walsh* v. *Bridgeport,* 88 Conn. 528, 536, 91 A. 969. Section 1537c (b) provides that the regulations may recognize "gratuities" as part of the minimum fair wage. The question we have to answer does not turn upon whether tips are wages. Tips are gratuities. Webster's New International Dictionary (2d Ed.). It is not for the court to determine whether, from the viewpoint of social welfare, gratuities should be included as part of the legal wage. *Williams* v. *Jacksonville Terminal Co.,* 315 U.S. 386, 388, 62 S. Ct. 659, 86 L. Ed. 914. The legislature has committed this determination to the labor commissioner and his advisory board as they may be called upon to deal with a particular industry. Our province is to determine whether such a course under the circumstances of this case can be sustained as legal and proper from the constitutional aspect.

The statute is one of broad application. It comprehends a wide variety of ways and means of furnishing remuneration for services rendered. An administrative agency must, of necessity, deal with specific classes of cases. Any statute empowering it to act could not possibly be drawn to meet every exceptional situation. *H. Duys & Co.* v. *Tone,* 125

Conn. 300, 311, 5 A.2d 23. The decision of the defendant to include gratuities to the extent of thirty cents per hour was made upon the recommendation of a board, appointed by him pursuant to § 1537c (b), composed of representatives of employers and employees in the restaurant industry and of the public, whose qualifications to give competent advice are not questioned. It is true that there is a wide range in the amounts collected in tips in the several callings where such gratuities are usually given. So, also, there is a wide range in the type and quality of the service rendered. Some workers will always earn more than others. It is sufficient if the statute and the regulation are reasonably designed to make sure that no one receives less than the prescribed minimum. There is nothing in the record to indicate that the board or the defendant was moved by any consideration of partiality or that an earnest effort was not made to arrive at a just apportionment of the amount of gratuities to be included in the minimum wage. The commissioner and the board might well have concluded that tips were so precarious a return for labor that fixing some minimum guarantee of remuneration from the employer as part of the compensation received was a proper regulatory measure.

The plaintiffs claim that even if the statute is constitutional the defendant acted arbitrarily, illegally and unreasonably in promulgating this particular regulation. They point to the fact that the defendant did not comply with § 1532c because neither he nor the board took testimony or received evidence upon which to predicate the regulation. Consequently, they argue, the transcript of the record required to be filed in the Superior Court upon appeal does not comply with statutory specifications.

They contend also that the determination to allow thirty cents per hour as that part of the gratuities which is to be applied to the minimum wage is arbitrary and unreasonable because it does not take into account the different types of restaurant and hotel operations and because it is not based upon any evidence warranting the fixing of that figure.

Section 1537c (b) provides that the labor commissioner, after consultation with a board composed of not more than three representatives each of employers and employees in the industry affected and of an equal number of disinterested persons representing the public, shall make appropriate administrative regulations necessary to carry out the provisions of the minimum wage law. Such regulations cannot become effective until after publication and a public hearing before the commissioner. The trial court found that the commissioner did appoint a board and did consult with it and that a public hearing was held. The transcript of the record filed in the Superior Court is before us. It discloses a series of several meetings of the board concerned with the restaurant and hotel industries. The defendant or his representative attended these meetings. There was a full discussion of the matters contained in the regulation. It is of some significance that at the public hearing on November 27, 1951, following the meetings of the board and the formulation of the regulation, counsel for the Connecticut Restaurant Guild, representing 350 owners and operators of restaurants in the state, stated that the amount of the allowance, thirty cents, was not challenged. Previous to the meetings of the board with the defendant, the director of the minimum wage division in the office of the labor commissioner held informal meetings with representatives of the restaurant and

hotel industries. Presumably, the written reports of these meetings which are contained in the transcript of the record were submitted to the defendant and to the board.

Section 1528c (c) states that in seeking information for guidance in fixing a minimum wage the labor commissioner and the board shall not be "bound by any technical rules of evidence or procedure." The establishment of a regulation is a purely administrative act. Technical rules of pleading, procedure and evidence should not hamper the operations of an administrative agency. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 540, 79 A.2d 350. The trial court's function was to decide whether the steps prescribed by the statute authorizing the making of the regulation had been followed and whether the regulation unreasonably and arbitrarily impinged upon private rights so that an injustice was done. *Modeste* v. *Public Utilities Commission,* 97 Conn. 453, 459, 117 A. 494. The defendant was proceeding under the powers conferred and the directions given in § 1537c, and not under § 1530c. The latter pertains to the establishment by the labor commissioner of a minimum wage after he has received the report of a wage board, so-called. Section 1537c deals with the formulation of administrative regulations. No appointment of a wage board was required. The board consulted under § 1537c (b) acts in an advisory capacity to the commissioner. While it may have the power to compel the attendance of witnesses and to take their sworn testimony, there is nothing in the section which requires it to do so. The most that is required is that any interested person shall be given a reasonable opportunity to present evidence relative to the propriety of the proposed regulations. Furthermore, for reasons

hereinbefore stated, there is nothing to indicate that the fixing of thirty cents per hour as the amount of gratuities to be applied to the minimum wage was arbitrary or so unreasonable as to be illegal.

The trial court's conclusions that the statute and the regulation did not violate constitutional principles, that the regulation was properly and lawfully adopted and that it was not arbitrary or unreasonable were correct.

There is no error.

In this opinion the other judges concurred.