[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action for a declaratory judgment based on a ruling of the defendant labor commissioner that the plaintiff's employees were not exempt under 31-76i(g) of the General Statutes from the overtime pay requirements of Sections 31-76b through 31-76j of the General Statutes.
The facts have been stipulated by the parties and may be summarized as follows. The company employs "servicemen" to sell its products and services and to perform plumbing, drain and sewer cleaning and related services at customers' premises. When it receives an inquiry for services from a potential customer, a serviceman is assigned to examine the problem at the customer's premises, and after he determines the nature of the problem, he recommends the services and/or products necessary to rectify the problem, and quotes the price for them.
The serviceman, if authorized to do so by the customer, provides the recommended products and services. The plaintiff pays its servicemen a percentage of the gross amount paid by customers for the services purchased and performed which it refers to as "commissions", and a fixed dollar amount for products purchased.
These payments for products and services are the sole sources of weekly earnings for the servicemen, and the majority of each serviceman's earnings is based on the percentage for services rather than product sales. Each serviceman's rate of pay, determined by dividing his total weekly earnings by the number of hours worked in the week, exceeds twice the minimum hourly rate applicable to him under 31-58 of the General Statutes, and CT Page 401 most servicemen generally work less than fifty-four hours during a work week of seven consecutive calendar days.
Section 31-76i of the General Statutes provides for certain exceptions from an employer's statutory duty under 31-76c to pay his employees for overtime work. Subsection(g) provides that overtime pay requirements do not apply to:
 any employee except outside salesmen (1) whose regular rate of pay is in excess of two times the minimum hourly rate applicable to him under section 31-58, (2) more than half of whose compensation for a representative period, being not less than one month, represents commissions on goods or services, and (3) who does not work more than fifty-four hours during a work week of seven consecutive calendar days. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.
On April 28, 1988, the plaintiff filed a petition with the labor department for a declaratory ruling pursuant to 4-176 of the General Statutes as to the applicability of 31-76i(g) to the facts as stipulated by the parties. The petition stated (4) that the plaintiff disagreed with the department's position that the exemption applied only to "inside salespeople" and requested a ruling that "consistent with its plain language, section31-76i(g) exempts from the overtime provisions of Connecticut law `any employee except outside salesmen' who meets the tests set forth in 31-76i(g)."
The commissioner's declaratory ruling dated September 12, 1988, (Trial exhibit 4), stated that the second condition of the statutory exemption, which required that commissions comprise more than half of an employee's earnings, had not been satisfied because the statutory language "must be interpreted as limited to compensation for sales." She concluded that "[b]ecause the majority of earnings of petitioners' employees are derived from the performance of services rather than sales according to [the stipulation of facts] the requirement of 31-76i(g)(2) is not met, and the exception to overtime pay requirements in 31-76i(g) does not apply to the employees." Id. 11.
The ruling noted that the word "commissions" is not defined in the overtime statutes nor have the Connecticut courts interpreted it in the context of the statutory scheme. It went on to CT Page 402 state that based on dictionary definitions which associate it with "sales" or "transactions", and court decisions from other states which give it the same general meaning, "commissions" may be defined "in terms of direct responsibility for generating income in a commercial transaction and hence sales." Id. 4.
The commissioner also stated that "if the exception were interpreted to extend beyond sales to any type of work for which `commissions' were allegedly paid such as the production of goods or performance of services, widespread abuse and circumvention of the purposes of the overtime statutes would result." Id. 5. She pointed out that an employer could evade the statutory overtime requirements by simply characterizing incentive payments for production workers and percentage payments for service personnel as "commissions."
The ruling also relied on the legislative history of the statute (1969 Public Acts No. 548), including a statement by Senator Miller who stated in reporting the bill out of committee that it "would exempt commission salesmen." The commissioner also referred to the bill's statement of purpose which was "to remove a hardship on highly paid commission salesmen and their employers," and its title, which was "An Act Concerning Commission Salesmen and Overtime." Id. 8.
The commissioner, in support of her interpretation of the statute, also cited an opinion of the attorney general dated June 14, 1972, which had been consistently followed by the department, that the statutory exemption "is restricted to commission salesmen who otherwise qualify." The opinion stated that the phrase "commissions on goods and services" is "patently ambiguous" and raises the question of whether the legislature intended all or only some kinds of labor to be compensable by way of commissions, and that if it intended to impose such a restriction "which form of labor it intended to place within the exemption from overtime."
In his 1972 opinion, the attorney general stressed that the remedial nature of the overtime laws required that exceptions be strictly construed. He also noted that a broad interpretation of the word "commissions" as used in 31-76i(g) "would not only be contrary to the usual rule of strict interpretation of exceptions to remedial legislation, but could lead to abuses which would deny overtime compensation to those rightfully entitled to it."
Subsequent to the hearing in this case, the court granted the defendants' request that the parties be permitted to file supplemental briefs concerning a recently enacted amendment of31-76i(g) of the General Statutes. This statutory change was made by Public Act No. 89-24 which substituted the words "any CT Page 403 inside salesperson whose sole duty is to sell a product or service" in place of "any employee except outside salesmen."
The legislator who reported the amendment stated that it was requested by the labor department "to plug a gap that came about in an attorney general's informal opinion in June of 1972, regarding salesmen." 32 Conn. H.R. Proc., Pt. 5, 1989 Sess. 1582 (March 22, 1989). The defendants claim that the statutory change was made to clarify the exemption in accordance with the labor department's prior interpretation of the original statutory language.
The plaintiff argues that the legislative history does not support the defendants' claim that the amendment was designed to clarify the prior law and that because it "effects a fundamental change in the scope of an overtime exemption it cannot be applied retroactively to the plaintiff."
In his supplemental reply brief, counsel for the defendants asserts that the 1989 amendment was not intended to influence the outcome of this litigation and that, in fact, he did not become aware of the amendment until after the case was argued. He has also submitted an affidavit from the director of the division of regulation of wages which states that he was personally involved in the department's request for the amendment and that it was designed to clarify the statute "in accordance with the Department's interpretation of the prior statute, consistent with the amendment, as limited to inside salespersons whose sole duty is to sell a product or a service."
The Uniform Administrative Procedure Act (UAPA) empowers administrative agencies to issue declaratory rulings based on their interpretation of statutes, and mandates that an administrative determination of such questions of law be made before judicial review can be obtained by way of an action for declaratory judgment. General Statutes 4-175, 4-176. The administrative ruling as to the meaning of the law has been made an integral part of the process of statutory interpretation under the UAPA because administrative agencies must necessarily interpret laws which are made for their guidance and statutes "cannot be read in a vacuum but must be illuminated by the force of concrete, everyday pressures." Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 356-57.
"An agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable . . . in light of the language, policies, and legislative history of the Act . . .", and is not in conflict with the expressed legislative intent. United States v. Riverside Bayview Homes, Inc., 474 U.S. 455,461 (1985). However, in order for reviewing courts to CT Page 404 properly perform their function they should not "stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate . . .", or that frustrate the legislative policy which underlies the statute. NLRB v. Brown, 380 U.S. 278, 291 (1965).
"The primary purpose of the minimum wage law is to require the payment of fair and just wages [and like] our workmen's compensation and unemployment compensation laws, the minimum wage law should receive a liberal construction in order that it may accomplish its purpose." West v. Egan, 142 Conn. 437 at 442. The burden rests on the employer to establish that his employees come within an exemption and "it is essential that exemptions or exclusions be strictly and narrowly construed." Shell Oil Co. v. Ricciuti, 147 Conn. 277 at 283.
The plaintiff claims that the phrase "commission on goods and services" is plain and unambiguous, and that it so clearly expresses the intention of the legislature to exclude from entitlement for overtime pay any employee who is paid on a commission basis that it is "unnecessary and inappropriate even to resort to the principles of statutory construction." In effect the plaintiff's argument attributes to the legislature an intention to create an exemption in 31-76i unlike any of the other eleven statutory exceptions in that it is based solely on the mode of payment chosen by the employer rather than on the nature of the work that is performed by the employee.
The plaintiff's literal reading of the "commissions" exception would have the further effect of making subsection (i), which exempts household delivery route salesmen of milk or bakery products who are paid on a commission basis, entirely unnecessary. The exemption in subsection (j) of salesmen "primarily engaged in selling automobiles" would also be rendered virtually nugatory under the plaintiff's interpretation.
It is a basic rule of statutory construction that "the legislature is presumed to know all the existing statutes and that when it enacts a law it does so in view of existing relevant legislation, intending the statute enacted to be read with the pertinent existing legislation so as to make one consistent body of law." Jennings v. Connecticut Light Power Co., 140 Conn. 650
at 665-66. The court will not infer that the legislature intended to enact a significant change in existing law by importing a new class into a statute which has always been limited in its scope "without an unequivocally expressed manifestation of legislative intent." Kinney v. State, 213 Conn. 54, 66.
The argument that any form of compensation based on a percentage of sales was a "commission" within the meaning of the CT Page 405 Fair Labor Standards Act (FLSA), was made and rejected in Mechmet v. Four Seasons Hotels, Ltd., 825 F.2d 1173 (7th Cir. 1987). The court stated that "it would not be sensible" to decide whether banquet service charges were "commissions" based on dictionary definitions or even common legal usages because it did not want to "create an unintended loophole in the Act by a literal-minded application" of the exemption provision, and then proceeded to consider "what interpretation would best advance the legislative purpose." Id. at 1175.
Mechmet also refutes the plaintiff's claim that the definition of "commissions" may be found in the second sentence of subsection (g) which states that "[i]n determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commission goods and services." [Emphasis added]. The identical language appears in the FLSA exemption for employees of retail and service establishments; 29 U.S.C. § 207(i); and was quoted and construed in Mechmet without any suggestion by the court that the prescribed method of computing the proportion of commissions had any definitional value with respect to the meaning of "commissions on goods or services."
If a statute is silent or ambiguous on the question at issue, the court does not simply impose its own construction as it would in the absence of an administrative interpretation, but rather, the question for the court is whether the agency's answer is based on a permissible construction of the statute. Chevron, U.S.A., Inc. v. Natural Resources Defense, 467 U.S. 837, 843
(1984). In resolving that question, the court will defer to the executive department's construction of the statutory scheme it is entrusted to administer, unless the legislative history of the enactment shows with sufficient clarity that the agency construction is contrary to the legislative intent. Japan Whaling Association v. American Cetacean Society, 478 U.S. 221, 233 (1986)
Ambiguity may be found to exist even where the legislature has addressed itself to the precise question at issue but has not clearly expressed its intent through its choice of statutory language, thereby giving rise to reasonable but conflicting interpretations. Young v. Community Nutrition Institute, 476 U.S. 974,980 (1986). Where the agency has advanced its own interpretation of such an ambiguous statutory provision, the court need not find that it is the only permissible construction that the agency might have adopted, but only that it is a sufficiently rational one to preclude a court from substituting its judgment for that of the agency. Id. 981.
The court finds, for the reasons just stated, that the phrase "commissions on goods and services" is not so plain and unambiguous CT Page 406 as to exclude from entitlement for overtime pay "any employee" who is paid on a commission basis and that it is therefore necessary and appropriate for the court to resort to principles of statutory construction to determine the legislative intent.
Ordinarily, the construction of a statute on an issue that has not previously been subjected to judicial scrutiny is a question of law on which administrative rulings are not entitled to special deference. Connecticut Light Power Co. v. Department of Public Utility Control, 210 Conn. 349, 357. Nevertheless, a practical construction placed on legislation by an agency over many years will be accorded deference "but only when the agency has consistently followed its construction over a long period of time, the statutory language is ambiguous, and the agency's interpretation is reasonable." State Medical Society v. Board of Examiners, 208 Conn. 709
at 719.
The commissioner's declaratory ruling in this case that the statutory language must be interpreted as limited to compensation for sales rather than for the performance of services was based on the attorney general's opinion issued in 1972 which has been consistently followed up to the present time. Opinions of the attorney general "are usually regarded by courts as highly persuasive and entitled to substantial weight"; Windham Community Memorial Hospital v. Willimantic, 166 Conn. 113 at 118; and although, of course, such an opinion is not binding on the court, it is entitled to careful consideration where an administrative agency's interpretation of a statute is based upon, or is consistent with, his opinion. Connecticut Hospital Association v. Commission on Hospitals Health Care, 200 Conn. 133, 143.
The commissioner's ruling and the attorney general's opinion relied on the legislative history of the statute, including a statement by the legislator who reported the bill that it "would exempt commission salesmen." She also cited the bill's statement of purpose which was "to remove a hardship on highly paid commission salesmen and their employers," and its title which was "An Act Concerning Commission Salesmen and Overtime."
In construing a statute and determining the legislative intent, the court may take judicial notice of statements made by the legislators in moving for acceptance of the committee's report and passage of the bill, particularly where they are the only members who speak on the bill. Miller v. Board of Education, 166 Conn. 189,194. Where the only speaker on the bill is its sponsor, his statements "are an authoritative guide to the statute's construction and may be accorded substantial weight where they are the only reliable indications of legislative intent. North Haven Board of Education v. Bell, 456 U.S. 512, 526-27 (1982). CT Page 407
The title or caption of a bill before the legislature may properly be considered in determining the legislative intent where the statute is doubtful or ambiguous in meaning. State v. Faro,118 Conn. 267, 262. The statement of purpose of a bill may also be a valuable aid in determining the meaning of the law after its enactment. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,405.
The defendants, in their post-trial briefs, have also asked the court to consider the 1989 amendment to the statute (Public Act No. 89-24) which substituted the words "any inside salesperson whose sole duty is to sell a product or service" in place of "any employee except outside salesmen." The plaintiff asserts that the court cannot properly consider this belated legislative action as having any bearing on the intent of the legislature in enacting the prior statutory exemption.
It should be noted that the issue before the court as framed by the plaintiff's complaint is not the correctness of the defendants' long-standing position that the statutory exemption applies only to "inside salespeople." The court is only being asked to decide the validity of the ruling made by the commissioner on the stipulated facts before her in this case based on her legal conclusion that the exemption must be interpreted as limited to compensation for sales.
The rule in this state is that a subsequent legislative act may throw light on the legislative intent of a prior related act and an amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act. Hartford v. Suffield, 137 Conn. 341,346. However, in this case, the 1989 amendment is clearly a change rather than a clarification in that it does more than merely incorporate the particular administrative interpretation which is the subject of this action. Cf. Grant Center Hospital v. Health Group, 538 So.2d 804, 810 (Miss. 1988).
Apart from the Mechmet case previously discussed in this opinion, the court's research has uncovered only one reported state court case dealing with a "commissions" exemption from a state overtime law. The California appellate court in that case, which involved automobile mechanics, reversed the trial court and upheld the labor department's interpretation that "employees must be involved principally in selling a product or service, not making the product or rendering the service." Keyes Motors v. Division of Labor Standards, 242 Cal. Reptr. 873, 876 (Cal.App. 1987).
The employer argued in the trial court that his employees were an integral part of the sales force because their specialized CT Page 408 knowledge allowed them to diagnose needed repairs, but the appellate court rejected that contention on the ground that they were rendering services, and were not engaged in selling. Id. The 1990 supplement to Volume 7A of Words and Phrases, basing its definition of "commission wages" on the Keyes decision, states (p. 180) that "[i]n order for compensation scheme to constitute `commission wages' within meaning of the overtime requirements of state labor laws, employees must be involved principally in selling product or service, not making product or rendering service, and amount of their compensation must be percent of price of product or service." (Emphasis added).
Our supreme court, in West v. Egan, 142 Conn. 437 at 443, sustained the minimum wage law against constitutional attack on due process grounds and also held that the labor department's administrative determination that tips should be considered as part of the statutory fair minimum wage was not an unconstitutional exercise of legislative power. The court held that the statute must necessarily be broadly applied to include "a wide variety of way and means" for paying wages, and that a statute "could not possibly be drawn to meet every exceptional situation" because of the "wide range in the type and quality of the service rendered" in a particular situation. Id. 445.
The United States Supreme Court has said that "when an agency is charged with administering a statute part of the authority it receives is the power to give reasonable content to the statute's textual ambiguities", and in exercising that authority it must accommodate the conflicting policies that have been committed to the agency's care by the statute. Department of Treasury v. FLRA,110 S.Ct. 1623, 1629 (1990). The court noted that "[i]t is not a task we ought to undertake on the agency's behalf in reviewing its orders." Id. 1630.
Overtime pay exemptions must be narrowly construed against the employers seeking to assert them. Arnold v. Kanowski, 361 U.S. 388,392. "To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretive process . . ." Phillips Co. v. Walling, 324 U.S. 490, at 49 (1945).
For the foregoing reasons, a declaratory judgment is entered as follows:
1. The declaratory ruling issued by the labor commissioner on September 12, 1988, that 31-76i(g)(2) of the General Statutes must be interpreted as limited to compensation for sales, and that because more than half of the earnings of the plaintiff's employees are derived from the performance of services rather than sales the requirement had not been met, was correct. CT Page 409
2. The employees are not exempt under 31-76i(g) of the General Statutes from the statutory requirements that the employer compensate its employees for overtime work.
HAMMER, J.