[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#134, MOTION TO STRIKE)
On May 9, 1994, the plaintiffs, Teri Nemit, administratrix of the estate of William Knowles (the "decedent"), and Richie Knowles, widow of the decedent, filed a ten count second amended complaint against the defendants, Joseph and Marsha Malon (the "Malons"), the Town of Windham, the Housing Authority of the city of Willimantic, Richard Miller, and Donald Schultz, for injuries suffered by the decedent. CT Page 436
Counts one and three, directed against the Malons, are the subjects of this motion to strike only. In count one the plaintiffs allege that on April 10, 1991, the decedent and his family rented the third floor apartment of a tenement house at 27 Arnold Lane in Willimantic owned by the Malons. The plaintiffs allege that the tenement house has a front exterior stairway that serves all three floors and also serves as a required second exit way from the decedent's apartment. The plaintiffs allege that the stairs and landing on the second floor are part of the common area of the tenement house and were at all relevant times under the custody and control of the Malons.
The plaintiffs further allege that on April 10, 1991, while going up the front exterior stairway, the decedent slipped and fell over the guardrail surrounding the stairway on the second floor landing. The plaintiffs allege that the decedent suffered fatal injuries and died on September 7, 1992. The plaintiffs further allege that the fall and injuries of the decedent were due to the negligence of the Malons in several respects. More specifically, the plaintiffs allege in paragraph 9(g):
 [T]hat they [the Malons] violated the requirements of Section 6-51 of the Windham Housing Code that `No person shall . . . let to another for occupancy any . . . dwelling unit which does not comply with the following requirements: . . . 5) Every dwelling shall have safe, unobstructed means of egress . . . as required by the statutes, ordinances and regulations of the state and town,' in the following ways:
 (i) The railing was lower than the height required by Section 5-2.2.6.6(a) of the state Safety Fire Code;
 (ii) The landing was too narrow at the foot of the stairs from the second to the third floor front porch, in violation of Section 5-2.2.4.3 of the State Fire Safety Code; CT Page 437
In count three the plaintiffs allege that the fall and injuries of the decedent were due to the dangerous conditions on the landing and stairway and the negligence of the Malons in that they violated General Statutes § 47a-7 in several respects. More specifically, the plaintiffs allege in paragraph 9(a):
 They did not `comply with all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof,' as required by Section 47a-7(a)(1), in that
 (i) They violated the Windham Housing Code in the ways set forth in paragraph 9(g) of count one above, . . .;
 (vi) The railing was lower than the height required by Section 5-2.2.6.6(a) of the state Fire Safety Code;
 (vii) The landing was too narrow at the foot of the stairs from the second to the third floor front porch, in violation of Section 5-2.2.4.3 of the State Fire Safety Code.
By motion dated May 25, 1994, the Malons moved to strike those portions of counts one and three which purport to state a cause of action in negligence premised upon alleged violations of the Connecticut Fire Safety Code.
The motion to strike also seeks to strike counts eleven through thirteen of the plaintiffs' complaint dated January 25, 1994. However, the plaintiffs have since revised their complaint by deleting those counts. Therefore, the motion concerns only counts one and three.
The Malons argue in their memorandum that the plaintiffs may not rely upon violations of the Connecticut Fire Safety Code in support of their negligence complaint because the Fire Safety Code was not intended to protect against injuries such as those sustained by the decedent.
In response, the plaintiffs argue that their complaint CT Page 438 relies on the Windham Housing Code and General Statutes § 47a-7, violations of which support a claim for negligence per se. The plaintiffs further argue that the Windham Housing Code and General Statutes § 47a-7 incorporate the Fire Safety Code but are intended as broad charters of health and safety for occupants of residences within the town of Windham and the state, and are not in any way limited to fire safety.
Section 6-51(5) of the Windham Housing Code provides: "Every dwelling unit shall have safe, unobstructed means of egress leading to safe and open space at ground level as required by the statutes, ordinances and regulations of the state and the town."
General Statutes § 47a-7 in part provides: "A landlord shall: (1) Comply with the requirements of chapter 368o and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof;"
The plaintiffs have submitted case law in support of their argument that violations of the General Statutes § 47a-7
and the Windham Housing Code establish per se liability. SeePanaroni v. Johnson, 158 Conn. 92, 101, 256 A.2d 246 (1969) ("The violation of an ordinance enacted for the protection of the public is negligence as a matter of law."); see alsoTorres v. Melody, 6 CONN. L. RPTR. 30, 7 CSCR 293 (1992) (Purtill, J.) ("[I]t must be concluded that General Statutes Sections47a-7 and 47a-8 do support a claim for negligence as matter of law."). However, this analysis ignores the two part test that a plaintiff must satisfy before negligence per se will be established.
 "`The doctrine of negligence per se serves to superimpose a legislative prescribed standard of care on the general standard of care.' . . . `Where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery.' . . . That principle of the law sets forth two conditions which must coexist before statutory negligence can be actionable. CT Page 439 First, the plaintiff must be within the class of persons protected by the statute. . . . Second, the injury must be of the type which the statute was intended to prevent. . . .'"
(Citations omitted; intentional quotation marks omitted.) Gore v.People's Savings Bank, 35 Conn. App. 126, 130-31, A.2d (1994).
The Fire Safety Code has as its "avowed purpose `reasonable safety from fire, smoke and panic.'" Len-LewRealty Co. v. Falsey, 141 Conn. 524, 528, 107 A.2d 403 (1954). Furthermore, General Statutes § 29-292 in part provides: "The regulations in said [fire] code shall provide for reasonable safety from fire, smoke and panic therefrom, . . . ." "Moreover, . . ., because General Statutes § 29-292 is penal in nature, the statute and the code provision should be construed strictly and we should resolve any ambiguity in the defendant's favor." State v. White, 204 Conn. 410, 424,528 A.2d 811 (1987).
Against this background, the injuries which the Fire Safety Code was designed to protect are fire related. Plaintiffs have failed to allege facts which would show that the decedent was within the class of persons protected by the Fire Safety Code. Plaintiffs have failed to satisfy the second condition required before statutory negligence can be established; namely, that the injury sustained by the decedent was of the type which the Fire Safety Code was intended to prevent. Accordingly, the Malons' motion to strike those portions of counts one and three which purport to support a cause of action in negligence premised upon an alleged violation of the Connecticut Fire Safety Code is granted.
It is noted that the plaintiffs further argue that the purpose of the provisions of a housing code may, in cases of substantial doubt, be the subject of evidence, and, therefore, not the proper basis of a motion to strike. However, as the authority cited above suggests, there is no substantial doubt as to the purpose of the Fire Safety Code as incorporated in the Windham Housing Code.
The Motion to Strike is granted. CT Page 440