JAMES L. CORTHOUTS *v.* TOWN OF NEWINGTON ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 11—decided August 4, 1953

*William W. Sprague,* for the appellants (defendants).

*Frank A. Francis,* with whom was *John J. Devine, Jr.,* for the appellee (plaintiff).

BALDWIN, J.   The plaintiff brought an action against the defendant town and its zoning commission to enjoin the enforcement of an amendment to the zoning ordinance of the town which prohibited, in an industrial zone, the use of land for residential purposes.  The action has been treated by the parties as one for a declaratory judgment to determine whether the amendment is a lawful and constitutional exercise of the powers vested in the town and the commission.  We will so consider it.  The trial court rendered judgment in favor of the plaintiff and the defendants have appealed.

The material facts in the finding, with certain additions which are warranted, can be stated as follows:  The town of Newington is neither a thickly settled nor an industrial community.  Its population in 1930 was 4552; in 1940, 5449; in 1950, 9110.  On August 26, 1930, a zoning ordinance was adopted which divided the town into districts designated as residence "A" and "B," business, industrial No. 1 and industrial No. 2.  Newington Zoning Ordinance, Art. 1, § 2 (1949).  The regulations for an industrial district No. 2 permit uses which are generally described as heavy industrial.  Id., Art. 2, § 10.  The total area of the town is 8382 acres.  Out of this, approximately 6600 acres are confined to "A" residence districts, 95 acres to "B" residence districts, 185 acres to busi-

ness districts, 11 acres to industrial district No. 1, and 627 acres to industrial district No. 2. After more than twenty years of zoning, only 38.5 acres in industrial district No. 2 have been built upon or are occupied by industry. The right of way of the New York, New Haven and Hartford railroad crosses the westerly part of the town. When the zoning regulations were originally adopted, the land on both sides of the right of way to a depth of 600 feet was placed in an industrial district No. 2.

On December 14, 1951, the plaintiff purchased a tract of land for the purpose of erecting dwelling houses. His land, approximately 30 acres in extent, is situated in the westerly part of the town near the New Britain town line. It lies 150 feet west of the railroad right of way, which at this point is at a substantially lower level. There are several dwelling houses in the residence "B" zone west of and adjacent to the plaintiff's land. The more westerly portion of it, containing about 11.5 acres, is located in a "B" residence district. The remainder lies within the industrial district No. 2 hereinbefore referred to. There is a right of way appurtenant to it for a railway siding across land of the Hartford Electric Light Company which lies immediately adjacent to the railroad tracks. The city of New Britain has a right of way varying from twenty-five to fifty feet in width across the plaintiff's land for a trunk-line sewer. When the plaintiff made his purchase, the zoning ordinance permitted the use of land in an industrial district for residential purposes. Newington Zoning Ordinance, Art. 2, § 10 (1949). Effective February 1, 1952, the zoning commission amended the regulations pertaining to an industrial district No. 2 so as to prohibit, within such a district, the erection of a dwelling of any kind except the resi-

dence of a janitor or a caretaker of premises or a plant of a permitted industry. Newington Zoning Ordinance, Art. 2, §10-33b. The plaintiff's land is adapted to development for residential use, for which there is a demand. Such use is the highest and best to which it can be put. Unless it can be devoted to residential purposes, in all probability it will remain unused for many years. It is not adapted to industrial use, for which there is not any present demand in Newington and none is expected. Although the amendment prohibits the use of land in an industrial district No. 2 for residential purposes, the ordinance allows such land to be used for community buildings, hotels, clubhouses, hospitals, churches, schools, playgrounds and businesses generally.

The Newington zoning ordinance follows the prescribed pattern in that it enumerates the uses which are permitted in residence districts, and lists only those which are prohibited in business and industrial districts. Generally, the districts of less restricted uses admit the uses of the more restricted ones. Baker, Legal Aspects of Zoning, p. 66; Yokley, Zoning Law & Practice, pp. 64, 66. Before the amendment under consideration was adopted, there was no prohibition against the use of land in an industrial district for residential purposes. The amendment proscribes what has usually been considered as the highest use to which land can be put, namely, residential use, in an industrial district where uses regarded as among the lowest and most burdensome are permitted. This is a marked departure from what has heretofore been accepted as standard practice. It is not altogether novel, however. Some communities already have ordinances which prohibit a residential use in an industrial district. Rathkopf, Law of Zoning & Planning (2d Ed.) (Sup. & Dig. 1951, p. 58);

Baker, op. cit., p. 66; Williams, Law of City Planning & Zoning, p. 277.

Zoning regulations constitute a valid exercise of the police power only when they have a "rational relation to the public health, safety, welfare and prosperity of the community" and are "not such an unreasonable exercise of [the police] power as to become arbitrary, destructive or confiscatory." *State v. Hillman,* 110 Conn. 92, 100, 105, 147 A. 294. Whether a zoning ordinance meets this test must be determined in the light of existing conditions, in order that the purpose for which the police power is invoked may be promoted. *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365, 387, 47 S. Ct. 114, 71 L. Ed. 303. The ordinance must comply with the requirements of, and serve the purposes stated in, the statute. General Statutes § 837; *Fairlawns Cemetery Assn., Inc. v. Zoning Commission,* 138 Conn. 434, 440, 86 A.2d 74. We are not called upon to decide in this case whether, as a general proposition, a zoning ordinance which prohibits a residential use in an industrial district is valid. It is easy to conceive a situation where the erection and occupation of dwelling houses on land in an industrial area in close proximity to manufactories using highly inflammable or explosive materials or giving off noxious odors or pernicious gases would have a direct relation to the public health, safety and welfare and justify prohibitory legislation against the use of such land for residential purposes. But the combination of circumstances in the case at bar does not even simulate such a situation.

The question presented to the trial court was whether, upon the facts, the amendment constituted a valid exercise of the police power with respect to the plaintiff's property. *Euclid* v. *Ambler Realty Co.,*

supra. It is true that the amendment serves one of the purposes of zoning in that it stabilizes the property use in this industrial district. *Kuehne* v. *Town Council,* 136 Conn. 452, 461, 72 A.2d 474; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273. A completely arbitrary and unreasonable division and regulation could accomplish that. To be justifiable, an ordinance placing a drastic limitation upon the use of the plaintiff's land, on the one hand, must reasonably serve the public health, safety and welfare, on the other. 8 McQuillin, Municipal Corporations (3d Ed.) § 25.40. The facts disclose that the plaintiff's land is adaptable to, and in demand for, residential purposes. The amendment prevents such use and commits it to industrial purposes. The land is not needed now—nor will it be needed in the near future—for industrial development.

This is not a case where an owner of land is seeking to have the commission rezone the portion of it which is located within an industrial district. The plaintiff is simply insisting that he be permitted to devote his land to residential use until such time as need of it for industrial purposes arises. Since the amendment, in effect, prevents the plaintiff from using his land for any feasible purpose, it is unreasonable and confiscatory.

The trial court has found no facts to indicate that the amendment would serve the public health, safety and welfare in any way, nor would the corrections to the finding claimed by the defendants, if made, show that it would have that effect. It is to be noted that the amendement prohibits dwellings in an industrial district No. 2, while under other provisions of the same ordinance hotels, hospitals, schools and public playgrounds are allowed therein. The amendment is thus inconsistent with these other provisions so

far as serving the public health, safety and welfare is concerned. This is a very material consideration in this case, where the plaintiff is seeking relief from the effect which the amendment has upon the use of his land. The facts found fail to demonstrate that the drastic curtailment imposed by the amendment is warranted. *Strain* v. *Mims,* 123 Conn. 275, 288, 193 A. 754; 8 McQuillin, op. cit., § 25.42. We hold the amendment to be invalid in so far as it affects the plaintiff's property. *Strain* v. *Mims,* supra, 290.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment that the amendment to the Newington zoning ordinance described as article 2, § 10-33b, is, as respects the plaintiff's property, unreasonable and confiscatory, and therefore void.

In this opinion BROWN, C. J., and CORNELL, J., concurred; INGLIS and O'SULLIVAN, Js., dissented.