GAETANO TROIANO *v.* ZONING COMMISSION OF THE TOWN OF NORTH BRANFORD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 3—decided June 26, 1967

*Frank J. Dumark,* for the appellant (plaintiff).

*Henry V. Poor,* for the appellee (defendant).

RYAN, J. The zoning commission of the town of North Branford held a duly warned public hearing on July 8, 1965, for the purpose of considering the adoption of certain amendments to article XIII of the zoning regulations concerning sand and gravel pits. The plaintiff, an owner and operator of a sand and gravel pit, appeared at the hearing through his attorney and opposed the proposed amendments on the ground that their enactment would prevent him from continuing to engage in the sand and gravel business. On September 3, 1965, the zoning commission voted to adopt the amendments. From this action by the zoning commission, the plaintiff appealed to the Court of Common Pleas. He claimed that he was aggrieved by the action of the commission on the ground, inter alia, that the regulations, as amended, are arbitrary, illegal and an abuse of the discretion vested in the commission, in that the intent of the amendments is to put the plaintiff out of business as a sand and gravel pit operator because of the undue burden and hardship placed upon him by the amendments. The Court of Common Pleas found that the ordinance was not confiscatory and that there was no denial of due process, and it dismissed the appeal.

In his appeal to this court, the plaintiff assigns error in the refusal of the trial court to permit him to introduce evidence to show that the amendments are an unconstitutional denial of due process since they are confiscatory and will put him out of business.

In a recent case wherein the constitutionality of a zoning ordinance regulating the mining of sand and gravel was sustained, we held that "[e]ven if the ordinance restricts a beneficial use to which the property had previously been devoted, this is not decisive on the question of the constitutionality of the ordinance. 'If this ordinance is otherwise a valid exercise of the town's police powers, the fact that it deprives the property of its most beneficial use does not render it unconstitutional.' . . . [*Goldblatt* v. *Hempstead,* 369 U.S. 590, 592, 82 S. Ct. 987, 8 L. Ed. 2d 130.]" *Teuscher* v. *Zoning Board of Appeals,* 154 Conn. 650, 657, 228 A.2d 518. However, "any regulation, under the police power, for the use of property must have a reasonable relation to the public health, safety and welfare and must operate in a manner which is not arbitrary, destructive or confiscatory. *Corthouts* v. *Newington,* 140 Conn. 284, 288, 99 A.2d 112; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 671, 103 A.2d 535; *Len-Lew Realty Co.* v. *Falsey,* 141 Conn. 524, 529, 107 A.2d 403; *Gionfriddo* v. *Windsor,* 137 Conn. 701, 704, 81 A.2d 266." *Calve Bros. Co.* v. *Norwalk,* 143 Conn. 609, 616, 124 A.2d 881. "To justify the State in . . . interposing its authority in behalf of the public, it must appear, first, that the interests of the public . . . require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." *Lawton* v. *Steele,*

152 U.S. 133, 137, 14 S. Ct. 499, 38 L. Ed. 385; *Gold-blatt* v. *Hempstead,* supra, 594; *Teuscher* v. *Zoning Board of Appeals,* supra, 658.

In the *Teuscher* case, there was no evidence which indicated what the effect of a similar Westport ordinance would be with reference to the mining of gravel on the plaintiff's land. In the instant case, the plaintiff offered evidence in the trial court to show what would be the effect of the North Branford ordinance on him as the owner and operator of a gravel pit. The parties are in agreement that the record submitted to the court by the defendant zoning commission was a complete stenographic or mechanical report of what occurred at the public hearing. The trial court denied the plaintiff's offer and excluded the evidence, whereupon the plaintiff took exception to the court's ruling.

Section 8-8 of the General Statutes (Rev. to 1966) prescribes the procedure in the trial court upon appeal. It provides for the reception of additional evidence (1) where the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to § 8-7a of the General Statutes (Rev. to 1966) or (2) where "it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." "[T]he offer of additional evidence in the trial court called for a determination, in the exercise of the court's legal discretion, as to whether that evidence was necessary for the equitable disposition of the appeal. General Statutes § 8-8; *Nielson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754. Under § 8-8, the evidence was not admissible unless it was essential for the equitable disposition of the appeal. *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 70, 157 A.2d

103." *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 241, 196 A.2d 427; *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 245, 230 A.2d 595.

The plaintiff, through his counsel, made the claim at the public hearing that he operated his sand and gravel pit in an industrial zone and that the proposed amendments would put him out of business, hence that the effect of such an ordinance on him would be confiscatory and unconstitutional. The same claim was made in his pleading in the appeal to the Court of Common Pleas and at the trial. "When a question of constitutionality is raised, the court presumes validity and sustains the legislation unless it clearly violates constitutional principles." *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477; *Edwards* v. *Hartford,* 145 Conn. 141, 145, 139 A.2d 599. "The plaintiffs have the burden of overcoming this presumption. *Franklin Furniture Co.* v. *Bridgeport,* 142 Conn. 510, 514, 115 A.2d 435; *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 303, 40 A.2d 177. The validity of the legislation must be tested by its effect upon the plaintiffs under the facts of this case and not under some other circumstances. *Pierce* v. *Albanese,* . . . [144 Conn. 241, 251, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21]; *Corthouts* v. *Newington,* 140 Conn. 284, 288, 99 A.2d 112." *Karen* v. *East Haddam,* 146 Conn. 720, 726, 727, 155 A.2d 921; *Teuscher* v. *Zoning Board of Appeals,* supra, 659.

The ruling of the trial court deprived the plaintiff of any opportunity to establish his case. There was not sufficient evidence introduced before the zoning commission from which the court could properly determine the question. In order equitably to dis-

pose of the appeal, the court should have permitted the introduction of additional evidence limited to the question of the constitutionality of the ordinance.

There is error, the judgment is set aside and the case is remanded for further proceedings, on the issue of the constitutionality of the ordinance only, in accordance with this opinion.

In this opinion the other judges concurred.