McDONALD'S SYSTEM, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWICH

COURT OF COMMON PLEAS     NEW LONDON COUNTY     FILE No. 20931

Memorandum filed September 27, 1968

*Brown, Jacobson, Jewett & Laudone,* of Norwich, for the plaintiffs.

*George Gilman,* of Norwich, for the defendant.

COHEN, J. This is an appeal from the decision of the zoning board of appeals of the city of Norwich in reversing the action of the building inspector of the city of Norwich in granting a permit on October 26, 1967, to the named plaintiff authorizing the construction of a building on premises situated at 80 Town Street and 6 New London Turnpike as a drive-in restaurant. The premises are located in a CB-2 commercial zone where eating establishments of all types are permitted uses. Commercial enterprises of all types are presently located in the area, and the present site has been zoned commercial since 1927. At the time of the issuance of the building permit, the premises were owned by the plaintiffs Lathrop and Elton and were being sold to the named plaintiff through an agent and subsidiary of it. The property is within 200 feet of a public school. The subject premises are not to be used for the sale of liquor, and no application for such a use has been made. The plaintiffs claim to be aggrieved by the action of the board in reversing the action of the building inspector in granting of the permit.

Whether a person or parties are aggrieved is a question of fact for determination by the trial court. *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667. Also one who has contracted to purchase property has standing in the absence of a specific provision in the zoning regulations to the contrary. See *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 431. Section 8-8 of the General Statutes provides that "[a]ny person or persons severally or jointly aggrieved by any decision of said board . . . may . . . take an appeal to the court of common pleas."

This statute does not contain any requirement that a person must be an owner in any capacity or degree to qualify as an appellant. However, here the issue is not well taken as the owners have also joined in this appeal. The revocation of the permit has affected all the parties to the action.

A hearing was held by the court on this question and the record supports the claim of the plaintiffs that they are aggrieved persons. The plaintiffs are specially and injuriously affected in their property and other legal rights by the action of the board. See *Luery* v. *Zoning Board*, 150 Conn. 136, 140.

The zoning board of appeals of the city of Norwich came to the conclusion that "Section 6-1 and Section 6-1.4 combined prohibit the erection of a restaurant within 200 feet of a public school" and "that the building permit granted in violation of the restrictions applicable in this case is null and void." The vote was four to one. The chairman of the board dissented from the ruling of the majority and filed a separate dissenting opinion.

The ordinance reads as follows: "LIQUOR AND OTHER SPECIAL REGULATIONS 6-1. In a commercial district, no building or premises shall be used, erected, or altered which is aranged [sic], intended or designed to be used for: 6-1.1 A restaurant or grill serving alcoholic liquor (as defined in the Liquor Control Act) if any part of said building or premises is situated on any part of a lot within 1500 feet radius in any direction of any lot upon which is located a building or premises used for the purpose of a restaurant or grill serving alcoholic liquor. 6-1.2 A package store selling beer and/or liquor, or a grocery store selling beer in any part of said building or premises is situated on any part of a lot within 1500 feet radius in any direction of any lot upon which is located a building or premises used for

the purpose of a package store selling beer and/or liquor, a drug store selling beer and/or liquor, or a grocery store selling beer. 6-1.3 Any permittee using any building or premises for serving or selling alcoholic liquor under a permit issued by the Liquor Control Commission for a restaurant, grill, package store, drug store or grocery store may move said place of business to another building provided said other building or premises is not more than 750 feet radius in any direction from the building or premises formerly occupied by said permittee for said purposes. 6-1.4 A restaurant, grill, package store, drug store or grocery store, if any part of such building or premises is situated on any part of a lot within 200 feet radius in any direction of any part of a lot used or reserved to be used for the purposes of a public school, a church or other builidng, [sic] used as a place of worth, [sic], a hospital or charitable institution, whether supported by public or private funds. 6-1.5 The foregoing provisions shall not be deemed retroactive, except where an existing restaurant, grill, package store, drug store or grocery store selling alcoholic liquors shall discontinue use for a period of 60 days, such use shall not be resumed except in conformity to the foregoing provisions. 6-2 In an industrial district, no building or premises shall be used, erected or altered which is aranged [sic], intended or designed to be used as a restaurant, grill, package store or drug store serving or selling alcoholic liquor."

The discussion of these sections and the enforcement procedures employed in the past must be considered. The background of these procedures may of course illuminate their meaning and provide some insight into what the ordinance was designed to do. The interpretation should be directed primarily at the ordinance itself and the board's action in ruling on it. Thus, while it might be said that the board is

the one to effect a change in a bad ordinance, such remedial power does not exist and such arguments are misdirected.

The record clearly shows and indicates that chapter 6 of the ordinance applies to liquor uses only. When ambiguous language is used in a zoning ordinance, its meaning and scope may be found by examining the language in the light of other provisions in the ordinance, by ascertaining the object sought to be accomplished, and by considering all other relevant circumstances. The interpretation of legislation presents a question of law. It is for the court to determine whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116.

Prior to the issuance of the permit by the building inspector, he sought the advice of the corporation counsel, who advised favorably on the request, and the city plan commission also gave its approval based on the applicable ordinances and the zone, which was commercial CB 2, and a permitted use under § 10.2.2 of the ordinance.

The administration of the liberal discretionary powers of a quasi-judicial body such as a zoning board of appeals demands the highest public confidence. It must not give in to public pressure, prejudice or passion regardless of the number of opponents. It is far better, therefore, that no room be given for suspicion or cavil and that every effort be made to avoid the creation of a situation which might tend to weaken not only public confidence in the action of a zoning board but the confidence of a disappointed applicant to it. *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 251.

Chapter six of the zoning ordinance provides for regulations of distance between liquor establish-

ments and uses and is the type of regulation which is common to most zoning ordinances. While no mention is made of alcoholic beer or liquor in § 6-1.4, the reference is to the types of establishments for which liquor permits are required. General Statutes § 30-15. The section taken in its entirety is for the regulation of liquor uses in the various types of establishments mentioned. In determining whether it was the intent of the zoning ordinance that it should have this effect, we must consider it as a whole and reconcile all its provisions if that is possible. See *Clark* v. *Town Council,* 145 Conn. 476, 485.

The practical construction placed over the years upon ambiguous language in legislation by those charged with its administration becomes weighty evidence of what the law is. *Clark* v. *Town Council,* supra. When a statute is ambiguous in terms and fairly susceptible to two constructions, one of which will avoid an absurd or ridiculous consequence, a court is warranted in assuming that the legislative intent was to attain a rational and sensible result. *Bridgeport* v. *Stratford,* 142 Conn. 634, 644.

This ordinance as it is written applies in all its sections and aspects to the regulation of establishments for the sale of liquor only, and any other interpretation would undermine the sections applying to commercial zones generally. This cannot be done to accommodate objecting citizens, regardless of their number. Any regulation for the use of property must have a reasonable relation to the public health, safety and welfare and must operate in a manner which is not arbitrary, destructive or confiscatory. The validity of the legislation must be tested by its effect upon the plaintiffs under the facts of this case and not under some other circumstances. See *Troiano* v. *Zoning Commission,* 155

Conn. 265, 269. Applying the above principles, the court concludes that the section under consideration did not empower the board to void the permit issued by the building inspector in this case. The language of the regulation may not be enlarged to include a subject matter, namely an ordinary restaurant, which the particular section does not fairly embrace. Natural development and growth inclusive within the commercial zone area cannot be strangled by a twisting of the clause of an entire section of the ordinance. In voiding the permit issued by the building inspector, the board acted illegally, arbitrarily and in abuse of its discretion.

Appeal sustained.