[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Howard B. Field, III and Patricia E. Field, appeal pursuant to section 7-147i of the General Statutes a decision of the Historic District Commission of the Town of Durham (the "Commission") denying plaintiffs' application for a certificate of appropriateness in which they requested permission to alter their home.
Pursuant to sections 7-147a et seq. of the General Statutes, Durham held an Historic District Ordinance Referendum on June 25, 1973. (Record, Exh. J, Results of Referendum.) The Historic District Ordinance (the "Ordinance") established an Historic District in Durham and an Historic District Commission, effective July 17, 1973. (Record, Exh. J, Ordinance, Affidavit of Publication of Ordinance.) Section 1 of the Ordinance states the purpose of the Ordinance to be the "promot(ion) (of) the educational, cultural, economic and general welfare of the Town of Durham and others through the preservation and protection of CT Page 2006 buildings and places of historic interest and through the development of appropriate settings for such buildings and places. . . ." (Record, Exh. J.) Section 2 of the Ordinance provides, in part, that "the purpose of the Commission (is) to perform the duties and functions of an Historic District Commission as provided in Sections 7147a to 7-1471. . . ." (Record, Exh. J.) Section 7-147d(a) of the General Statutes provides: "No building or structure shall be erected or altered within an historic district until after an application for a certificate of appropriateness as to exterior architectural features has been submitted to the historic district commission and approved by said commission." Conn. Gen. Stat. Sec. 7-147d(a) (rev'd to 1989). (See also Record, Exh. J, Ordinance, Section 5.)
The record reflects that certificate of appropriateness #155 was issued to plaintiffs on November 15, 1984 for proposed work on their property on Fowler Avenue known as the Old Chauncey House. (Record, Exh. A, Letter from Commission to plaintiffs, June 19, 1989; Exh. H, Application for Certificate #155; Exh. I, Certificate #155.) Certificate #155 had an expiration date of November 15, 1986. (Record, Exh. A, H, I.) By letter dated June 19, 1989, the Secretary of the Commission informed plaintiffs that "(w)e have noted that there has been sporadic work there on the house and barn since the expiration of the COA (Certificate of appropriateness)." (Record, Exh. A.) The Secretary of the Commission directed plaintiffs to submit an application for a certificate "for any work that has not been completed that was covered by COA #155 plus any other additional work you propose to do." (Record, Exh. A.)
Thereafter, plaintiffs submitted application #189 for a certificate of appropriateness. (Record, Exh. B, Application #189). The Commission noticed a public hearing to consider application #189 for October 11, 1989. (Record, Exh. G, Affidavit of Publication.) See Conn. Gen. Stat. Sec. 7-147e(a) (rev'd to 1989). Following the hearing on October 11, 1989, the Commission held a meeting at which it decided to reject application #189. (Record, Exh. E, Hearing Minutes, October 11, 1989; Exh. F, Meeting Minutes, October 11, 1989).
Plaintiffs appeal the decision of the Commission, alleging that the Commission "disregarded the dictates of Conn. Gen. Stat. Sec. 7-147e(b) and its action is a nullity." (Plaintiffs' Appeal, dated October 27, 1989). Section7-147e(b) provides, in part, that "(f)ailure of the commission to act (on an application) within. . .sixty-five days shall constitute approval. . . ." Conn. Gen. Stat. Sec. CT Page 20077-147e(b) (rev'd to 1989). Plaintiffs also filed an amended appeal adding a second amount in which plaintiffs claim that the "Commission has failed to treat similar applications similarly, in violation of the State, and Federal Constitution." (Plaintiffs' Amended Complaint dated December 7, 1989.) Plaintiffs later deleted the second count of their complaint by filing a withdrawal, dated May 31, 1990. Plaintiffs further amended their appeal to add a third amount in which they claim that "(i)f it be the case that the Commission did not cause a stenographic, or sound, recording of (the public) hearing, then the Commission's action is void." (Plaintiffs' Amended Appeal dated December 14, 1989). However, plaintiffs did not brief this claim. (Plaintiffs' Brief, dated June 12, 1990). Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16 (1987), U.S. cert. denied, 484 U.S. 955; DeMilo v. West Haven, 189 Conn. 671,681-82 n. 8 (1983).
By motion for leave, dated December 15, 1989, plaintiffs moved that they "be allowed to introduce evidence dehors the record" of:
 A. The time period during which the matter was pending before the Commission.
 B. The materials presented in connection with the applications of others, and the decision rendered on each.
 C. The absence, if such there be, of a stenographic or sound recording of the hearing in question.
By objection dated December 20, 1989, defendants[1] argued that the motion was premature and should be decided by the judge to whom the case is assigned; that plaintiffs must specify the number of other applications they wish to present and state their relevance; and that while section 7-147i of the General Statutes provides that the procedure upon an appeal from a decision of an historic district commission shall be the same as that defined in section 8-8 of the General Statutes, section 8-8 does not apply to proceedings before the administrative agency and 8-7a, which requires evidence to be taken by a stenographer or to be recorded, applies only to hearings before a zoning commission or a zoning board of appeals. The motion for leave and the objection were not decided prior to the hearing on appeal on December 7, 1990, by which time plaintiffs had withdrawn amount two, concerning the Commission's treatment of similar applications, and by CT Page 2008 which time plaintiffs had also abandoned its claim in count three by failing to brief the issue of whether failure to provide a stenographic or sound recording of the public hearing renders the Commission's action void. See Ramsundar, 204 Conn. at 16; DeMilo, 189 Conn. at 681-82 n. 8. Therefore, only paragraph A of plaintiffs' motion for leave is still in issue.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provision which created that right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Section 7-147i provides as follows:
 Appeals. Any person or persons severally or jointly aggrieved by any decision of the historic district commission or of any officer thereof may, within fifteen days from the date when such decision was rendered, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to such court in the same manner as that prescribed for other civil actions brought to such court. Notice of such appeal shall be given by leaving a true and attested copy thereof in the hand of or at the usual place of abode of the chairman or clerk of the commission within twelve days before the return day to which such appeal has been taken. Procedure upon such appeal shall be the same as that defined in section 8-8.
Conn. Gen. Stat. Sec. 7-147i (rev'd to 1989). (See also Record, Exh. J., Ordinance, Section 10.)
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317,321 (1987); Conn. Gen. Stat. Sec. 7-147i (rev'd to 1989). "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith, 203 Conn. at 321 (citation omitted). However, aggrievement is established if there is a "a possibility, as distinguished from a certainty, that some legally protected CT Page 2009 interest. . .has been adversely affected." Hall v. Planning Commission, 181 Conn. 442, 445 (1980).
Plaintiffs allege that they are the owners of a parcel of land with house known as 20 Fowler Avenue, Durham and that said property is in an Historic District Zone. Defendants admit this allegation in their answer, dated May 17, 1990. At the hearing on appeal, held on December 7, 1990, plaintiff Howard B. Field, III testified that he owns the house at 20 Fowler Avenue and that the house is in an Historic District. (See also Record, Exh. J., Ordinance Section 12, Map. ) The use of plaintiffs property was the subject of the Commission's decision. (Record, Exhs. A, B, C.) Therefore, the plaintiffs have a specific, personal and legal interest in the subject matter of the decision. Also, since the Commission denied plaintiffs' application, the plaintiffs' rights are specially and injuriously affected by the Commission's decision. Therefore, the plaintiffs are aggrieved.
Aggrieved persons may appeal "within fifteen days from the date when the decision was rendered. . . ." Conn. Gen. Stat. Sec. 7-147i (rev'd to 1989). "(A) decision is not `rendered' under Sec. 7-147i until written notice thereof is given to the applicant under Sec. 7-147e," which "makes clear that a historic district commission is required to `pass upon such application and shall give written notice of its decision to the applicant.'" Carroll v. Roxbury Historic District Commission, 29 Conn. Sup. 77, 78 (C.P. (1970).
In the instant case, the Commission rejected plaintiffs' application on October 11, 1989. (Record, Exh. F.) Written notice to plaintiffs of the Commission's decision was dated October 16, 1989. (Record, Exh. C.) Although plaintiffs allege they received said notice on October 23, 1989, there is no evidence to this effect. (Record, Exh. D), return receipt, signed but undated.) However, the defendants were served on October 28, 1989, well within fifteen days of the date of the written notice, which notice would have been received by plaintiffs on or after that date. Therefore, the plaintiffs' appeal is timely.
At the hearing on appeal, plaintiffs sought, in accordance with their motion for leave, to present evidence in support of their claim that the Commission failed to act on their application within sixty-five days of the date it was filed.
As already noted, section 7-147i provides that CT Page 2010 persons aggrieved by a decision of an historic district commission may appeal to the superior court and states that "(p)rocedure upon such appeal shall be the same as that defined in section 8-8." Conn. Gen. Stat. Sec. 7-147i (rev'd to 1989). Section 8-8 provides, in part, as follows:
 (i) Within thirty days after the appeal is served, or within any further time the court allows, the board shall transmit the record to the court. The record shall include, without limitation, (1) the original papers acted on by the board and appealed from, or certified copies thereof, (2) a copy of the transcript of the stenographic or sound recording prepared in accordance with section 8-7a, and (3) the board's findings of fact and conclusions of law, separately stated. By stipulation of all parties to the appeal, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for additional costs. The court may require to permit subsequent corrections or additions to the record.
 (k) The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court may take the evidence or may appoint a referee or committee to take such evidences as it directs and report the same to the court, with his or its findings of facts and conclusions of law. Any report of a referee or committee shall constitute a part of the proceedings on which the determination of the court shall be made.
Conn. Gen. Stat. Sec. 8-8(i), (k) (rev'd to 1989, as amended by Conn. Pub. Acts No. 89-356, Sec. 1 (1989)). Section8-7a provides:
 The zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording CT Page 2011 device, in each hearing before such commission or board in which the right of appeal lies to the superior court.
Conn. Gen. Stat. Sec. 8-7a (rev'd to 1989).
Whether or not an historic district commission is required to return a transcript of the public hearing given that both section 8-8(i) and (k) refer to section 8-7a
and given that section 8-7a refers only to zoning commissions and zoning board of appeals. This court concludes that sections 8-8(i) and (k) do require historic district commissions to transmit the original papers on which it acted or certified copies thereof. See Conn. Gen. Stat. Secs. 8-8(i), (k) (rev'd to 1989, as amended by Conn. Pub. Acts No. 89-356, Sec. 1 (1989)). Section 8-8(i) clearly states that the papers upon which the commission acted must be returned to court and distinguishes said papers from a copy of the transcript of the public hearing. Conn. Gen. Stat. Sec. 8-8(i) (rev'd to 1989, as amended). The language now appearing in section 8-8(k)(1) allows the introduction of evidence where the record, which includes all exhibits and the petition or application of the local agency, is incomplete. Lathrop v. Planning Zoning Commission,164 Conn. 215, 219-21 (1973).
However, where the introduction of evidence is allowed because the record which was returned to court is incomplete, the function of the trial court is "to determine, not what evidence it believed or what inferences it chose to draw, but what evidence the council could have drawn therefrom without acting illegally or so arbitrarily or unreasonably as to invalidate its action." Morama Corporation v. Town Council, 146 Conn. 588, 593 (1959). In Schultz v. Zoning Board of Appeals, 144 Conn. 332 (1957), the record was deficient in that it did not contain a copy of the application and the court held that "this lack . . . had to be cured by the court's taking evidence as is permitted by the statute, to determine what facts and considerations were presumptively in the minds of the members of the board when they acted." Schultz, 144 Conn. at 334. The court's role is thusly limited because an appeal from an administrative tribunal should ordinarily be determined on the record of that tribunal. See Tarasovic v. Zoning Commission,147 Conn. 65, 69 (1959). The court may not usurp the function of the administrative tribunal in passing on the credibility of the evidence before it and determining the facts which it found proven by that evidence. Morama Corporation,146 Conn. at 593. Therefore, the purpose of section 8-8(k)(1) is to enable the court to determine what was presumptively CT Page 2012 in the minds of the members of the administrative tribunal and what facts and inferences they could have reasonably found in passing on the merits of an application.
While the date plaintiffs' application was filed might ordinarily be indicated on the application itself, the absence of the filing date alone does not mean that the record is incomplete under section 8-8(k)(1). The filing date has no bearing on whether the Commission's action is supported by the record because the filing date is not a fact which the Commission must find to determine the merits of plaintiffs' application. Plaintiffs do not claim that the Commission's decision is not supported by the record, nor need they, because if the sixty-five day time limit in section 7-147e(b) is indeed mandatory, regardless of whether or not the Commission acted arbitrarily, illegally, or in abuse of its discretion in deciding the merits of the application, plaintiffs' application will been approved by operation of law. See Carr v. Woolwich, 7 Conn. App. 684, 700-01
(1986), cert. denied, 201 Conn. 804 (1986) (construing Sec.8-3(g), court held that plaintiff's site plan was approved by operation of law and that "any. . .failure of the plaintiff to comply with the. . .zoning regulations would have been grounds for a timely denial" within the applicable time limits); Vartuli v. Sotire, 192 Conn. 353, 366 (1984) (zoning board has no authority to deny application once it is approved by operation of law); Leech v. Gaetz, 31 Conn. Sup. 81
(Super.Ct. 1973) (although commission has proper grounds to reject application, when it does not do so in specified time limit, approval of application is inferred under statute). This court has no need to determine what was presumptively in the minds of the Commissioners when they acted because plaintiffs do not claim that the Commission acted improperly in deciding the merits of their application and that the record on which the decision was made is incomplete. Therefore, the court need not allow testimony as to the date plaintiffs' application was filed under section8-8(k)(1).
However, even when the record on which the administrative tribunal acted is complete, additional evidence may be introduced if "it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." Conn. Gen. Stat. Sec. 8-8(k)(2) (rev'd to 1989), as amended), see also Troiano v. Zoning Commission,155 Conn. 265, 268 (1967). Troiano involved an appeal from the action of the defendant in amending the zoning ordinance. The Court of Common Pleas found that the ordinance as amended was not confiscatory and that there was no denial of due process, as the plaintiff claimed, and it dismissed CT Page 2013 the appeal. Troiano, 155 Conn. at 266. On appeal to the Supreme court, the plaintiff assigned error in the trial court's refusal to permit the introduction of evidence "to show that the amendments are an unconstitutional denial of due process since they are confiscatory and will put him out of business." Id. at 267. Quoting that portion of section8-8 concerning the reception of additional evidence, the court noted that the parties agreed that the record submitted by the defendant was complete and concluded that, therefore, the evidence was not admissible "unless it was essential for the equitable disposition of the appeal." Id. at 268 (citations omitted). The offer of additional evidence "call(s) for a determination, in the exercise of the court's legal discretion, as to whether that evidence was necessary for the equitable disposition of the appeal." Id. (citations omitted). The court in Troiano held:
 The ruling of the trial court deprived the plaintiff of any opportunity to establish his case. There was not sufficient evidence introduced before the zoning commission from which the court could properly determine the question. In order equitably to dispose of the appeal, the court should have permitted the introduction of additional evidence limited to the question of the constitutionality of the ordinance.
Id. at 269-70.
In Tarasovic v. Zoning Commission, 147 Conn. 65
(1959), area landowners appealed the defendant's approval in 1957 of a zone change requested by one Hardy. The plaintiffs assigned as error the trial court's refusal to hear testimony of a real estate expert and its refusal to admit excerpts from the minutes of hearings of the defendant held prior to 1957 and as far back as 1948. Tarasovic,147 Conn. at 68-70. On the first assignment of error, the court stated:
 The obvious purpose of the offer of the testimony of the real estate expert was to add to the record something which the Commission did not have before it. Under the statute, this additional testimony was not admissible unless it was essential for the equitable disposition of the appeal. The matter was within the sound discretion of the court. CT Page 2014
Id. at 70 (citations omitted). As to the second assignment of error that the court stated:
 The purpose of the offer was to show inconsistent action by the commission in respect to other requested changes of zone for Hardy tract. The plaintiffs admitted that not exactly the same area was involved, and there is nothing to indicate the type of change which was sought in the other instances. Unless the applications involved substantially the same request as the one granted here, they would furnish no criterion of the action of the commission. It is only when a subsequent application seeks substantially the same relief as that sought in a former one that such evidence should be considered. It is for the administrative agency, in the first instance, to decide whether the requested relief is substantially the same in both applications. The determination of the agency will be disturbed only if its discretion was abused.
Id. The court concluded that the trial court acted properly in excluding the evidence offered. Id. at 70, 71; see also Young v. Town Planning and Zoning Commission, 151 Conn. 235,240-43 (1963) (evidence which plaintiffs sought to introduce to demonstrate the Commission's bias and predetermination did not tend to establish the facts which plaintiffs urged the court to find and, thus, was not shown to be necessary for the equitable disposition of the appeal). The general principles enunciated in Troiano, Tarasovic, and Young were recently cited with approval by the Appellate Court in Caserta v. Zoning Board of Appeals, 23 Conn. App. 232,239 n. 2 (1990).
With regard to the instant case, the reasoning of the court in Troiano is applicable. Without the evidence offered on appeal, plaintiffs would be precluded from establishing their case because there is no evidence in the record from which the court can conclude that the Commission failed to act within sixty-five days. Troiano,155 Conn. at 269. Research has revealed no requirement that an applicant date his application to a local agency or that the agency indicate on said application the date it was "filed" so as to begin the sixty-five day period. See Conn. Gen. Stat. CT Page 2015 Sec. 7-147e(b) (rev'd to 1989). Unlike the plaintiffs in Tarasovic, plaintiffs in the instant case do not seek to add to the record evidence relating to the merits of their application which the Commission did not have before it. Tarasovic, 147 Conn. at 70. Nor, are plaintiffs seeking to introduce evidence which does not tend to establish the fact they are seeking to prove. See id.; Young,151 Conn. at 240-43. Therefore this court allowed evidence of the date on which plaintiffs' application was filed as necessary to the equitable disposition of the appeal.
Section 7-147e(b) provides, in relevant part:
 . . . .Within not more than sixty-five days after the filing of an application as required by 7-147d, the commission shall pass upon such application and shall give written notice of its decision to the applicant . . . Failure of the commission to act within said sixty-five days shall constitute approval and no other evidence of approval shall be needed.
Conn. Gen. Stat. Sec. 7-147e(b) (rev'd to 1989). Section7-147d states when an application for a certificate of appropriateness must be "submitted" to the commission. Conn. Gen. Stat. Sec. 7-147d(a) (rev'd to 1989). Thus, the sixty-five day limit runs from the date of the filing of the application.
The Chairperson of the Commission, Kathryn Francis, testified at the hearing on appeal that an application is filed with the Commission when it is delivered to her. Based on the other evidence presented at the hearing on appeal, this court finds that the application was filed at the latest on July 9, 1989. Sixty-five days from, but not including, July 9, 1989 is September 12, 1989.
Section 17-147e provides:
 Application for certificate. Hearing. Approval.
 (a) The historic district commission shall hold a public hearing upon each application for a certificate of appropriateness unless the commission determines that such application involves items not subject to approval by the commission. The commission shall fix a reasonable time and place for such hearing. Notice of the time and place of such hearing CT Page 2016 shall be given by publication in the form of a legal advertisement appearing in a newspaper having a substantial circulation in the municipality not more than fifteen days nor less than five days before such hearing.
 (b) Unless otherwise provided by ordinance, a majority of the members of the commission shall constitute a quorum and the concurring vote of a majority of the members of the commission shall be necessary to issue a certificate of appropriateness. Within not more than sixty-five days after the filing of an application as required by section 7-147d, the commission shall pass upon such application and shall give written notice of its decision to the applicant. When a certificate of appropriateness is denied, the commission shall place upon its records and in the notice to the applicant the reasons for its determination, which shall include the bases for its conclusion that the proposed activity would not be appropriate. In the notice to the applicant the commission may make recommendations relative to design, arrangement, texture, material and similar features. The commission may issue a certificate of appropriateness with stipulations. Evidence of approval, as referred to in section 7-147d, shall be by certificate of appropriateness issued by the commission. Failure of the commission to act within said sixty-five days shall constitute approval and no other evidence of approval shall be needed.
Conn. Gen. Stat Sec. 7-147e (Rev'd to 1989) (emphasis added).
In their brief, plaintiffs set forth the facts as they view them, quote section 7-147e(b), and argue that the commission failed to act on their application within the sixty-five day limit in section 7-147e(b) such that their application is deemed approved and the Commission's decision denying their application is null and void. The defendants respond in their brief that the evidence in the record does not support plaintiffs' claim and argue that the Commission CT Page 2017 is presumed to have acted properly.
Research has revealed no case law discussing the requirement of section 7-147e(b) that a commission act within sixty-five days of the filing of an application. However, other statutes governing administrative tribunals the same or similar language and have been interpreted by the courts.
Section 8-3(g) states, in relevant part:
 The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . .Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired.
Conn. Gen. Stat. Sec. 8-3(g) (rev'd to 1989, as amended by Conn. Pub. Acts No. 89-356, Secs. 10, 11 (1989)). Section8-7d(b) provides:
 (b) Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed two further sixty-five day periods, or may withdraw such plan.
Conn. Gen. Stat. Sec. 8-7d(b) (rev'd to 1989). It is well-settled that these sections impose a mandatory time frame of sixty-five days on local site plan approvals. See. SSM Associates Limited Partnership v. Plan and Zoning Commission, 211 Conn. 331, 333-37 (1989); Carr v. Woolwich, CT Page 20187 Conn. App. 684, 687-700 (1986), cert. denied, 201 Conn. 804
(1986).
In both SSM Associates and Carr, the courts relied upon the reasoning in Vartuli v. Sotire, 192 Conn. 353
(1984). The court in Vartuli held that section22a-109(e), part of the Coastal Management Act, mandates automatic approval of a coastal site plan when the statutory period has expired without a decision. Vartuli,192 Conn. at 354. The court quoted section 22a-109(e) as follows: "The coastal site plan required under this section shall be subject to the same statutory requirements as subsection (b) of section 8-7d for the purposes of determining the time limitations on the zoning commission in reaching a final decision." Id. at 356 n. 2. The court held that while section 22a-109(e) only mentions 8-7d(b), "by virtue of its express incorporation of the sixty-five day time limitation contained in Sec. 8-7b(d), (the Coastal Management Act) reflects an intent to incorporate as well the presumption of Sec. 8-3(g) which clearly makes the sixty-five day period mandatory." If. at 359. The court reasoned:
 At the time when the legislature those, in that section, to incorporate the sixty-five day limitation period of Sec. 8-7d(b), the effect of the latter section was itself clarified by Sec. 8-3(g). Reading the three sections together compels the conclusion that. . .the legislature has expressly made approval of a coastal development plan mandatory upon failure to disapprove an application within the specified time period. The three sections must be read together because we must presume that, in enacting the Coastal Management Act, the legislature acted with knowledge and understanding of existing relevant statutes, and with the intent to achieve a harmonious and consistent body of law.
Id. at 361-62 (citations omitted).
In dicta, the court in Vartuli went on to state that even if section 8-3(g) were not incorporated by reference into the Coastal Management Act, section 8-7d(b) alone can be read to require automatic approval:
 It is indisputable that Sec. 22a-109
incorporates the provisions of Sec. 8-7d(b); that subsection, read in its entirety, CT Page 2019 imposes time constraints that are mandatory. After setting forth the sixty-five day period for the zoning board to render its decision, Sec. 8-7d(b) goes on to provide that "(t)he applicant may consent to one or more extensions of such period. . . ." (Footnote omitted.) (Emphasis added.) If, as the defendants claim, Sec. 8-7d(b) did not mandate a decision by the zoning board within sixty-five days, why would the board ever need the applicant's consent to an extension? "In construing a statute, each part should be treated as significant and necessary; every sentence, phrase and clause is presumed to have a purpose."
Id. at 363 (citations omitted); see also Carr,7 Conn. App. at 695 (discussing consent clause in Sec. 8-7d(a)).
Construing section 8-26, the court in Finn v. Planning and Commission, 156 Conn. 540 (1968), held that subdivision applications must be acted upon within the statutory time limit. Section 8-26 then stated that "`(t)he commission shall approve, modify and approve, or disapprove any subdivision application or maps and plans submitted therewith within sixty days after the submission thereof. . . . (and that the) failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of this period may be had with the consent of the applicant.'" Finn, 156 Conn. at 544. The court held:
 The obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. The language of the statute is mandatory. To the extent that the regulations increased the time beyond the permissible period of sixty days from the submission of the application to the decision of the commission, such regulations are invalid.
Id.; see also Gervasi v. Town Plan and Zoning Commission,184 Conn. 450, 454 (1981) (subdivision application approved by operation of law); Viking Construction Co. v. Planning Commission, 181 Conn. 243, 246-48 (1980) (subdivision application approved by operation of law); Carr, 7 Conn. App. at CT Page 2020 688-89, 691 (discussing Finn and amendments to Secs.8-26, 8-26d and 8-28).
Section 7-147e(b), like sections 8-3(g) and8-26, is mandatory in that it sets forth not only a time limit in which the Commission must act but also the consequences of failing to abide by said time limit, namely, approval by operation of law. Action within sixty-five days is "the essence of the thing to be accomplished" and, thus, is mandatory. See Vartuli, 192 Conn. at 360 (citing, inter alia, Donohue v. Zoning Board of Appeals, 155 Conn. 550,554 (1967) (prior version of 8-7 which merely stated that board should decide case within sixty days but did not invalidate a belated decision or make compliance with the statute a condition precedent was not mandatory).
Although the defendants correctly point out that "`(t)here is a strong presumption of regularity in the proceedings of a public body such as a municipal. . .commission'; (citation omitted); that presumption (is) rebutted (where) the commission. . .did not `(act) within (its) prescribed legislative powers.' (Citation omitted)." Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,573-74 (1988) (commission had no power to conduct multiple hearings). The evidence establishes that plaintiffs' application was filed with the Commission, at the latest, on July 9, 1989. Sixty-five days from, but not including, July 9, 1989, is September 12, 1989. As the Commission voted to reject the application on October 11, 1989, the Commission failed to act on plaintiffs' application within the mandatory time limit and that plaintiffs' application has been approved by operation of law.
Accordingly, the appeal is sustained. The appellant may submit, in due course, an appropriate order, if needed.
HIGGINS, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2028