[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2862
Plaintiff brings this declaratory judgment action by amended complaint of May 22, 1996 claiming that the defendant had no authority to enact a certain zoning regulation, Section III 9 (c), and that said regulation violates Article First, Section 8
of the Connecticut constitution.
River Bend Associates, Inc. has been substituted as the plaintiff. Court will refer to River Bend and all its predecessors back to 1994 as plaintiff.
 Facts
The parties have entered into the following stipulation:
1) River Bend Associates, Inc. is a Connecticut corporation with its office at 204 Newberry Road, Bloomfield, Connecticut.
2) River Bend is the present owner of approximately 864 acres of land located in the Town of Simsbury.
3) Much of River Bend's Simsbury parcels are currently zoned for residential uses.
4) River Bend or its corporate predecessors have previously developed some of its Simsbury properties.
5) Some of River Bend's Simsbury parcels are presently encumbered by access easements, farm roads and above ground utility easements.
6) River Bend is the owner of the parcel where the Frances Farms subdivision proposal is located.
7) Section III 9C of the Simsbury Subdivision Regulations impacts access easements, above ground utility easements and drainage improvements and their relationship to open space requirements for residential subdivisions.
8) Section III 9C will apply to River Bend's development of its Simsbury parcels.
9) As River Bend develops its parcels, it may be required to construct drainage improvements which may be subject to CT Page 2863 Section III 9C.
10) River Bend, or its corporate predecessor, to an administrative appeal of the adoption of Section III 9C. (sic) That case has a caption of Culbro Corporation vs. PlanningCommission the Town of Simsbury, CV96-556619. That matter was dismissed by the Court on July 29, 1996.
11) There is a dispute between the parties as to the validity of Section III 9C of the subdivision regulations and the defendant's authority to enact it. In addition the court finds the following facts:
Some time in 1995 plaintiff proposed to develop a portion of one of its Simsbury parcels into an eighty-nine (89) lot residential subdivision (the Frances Farms subdivision). Plaintiff submitted an application to the defendant for approval of that subdivision. The Francis Farms parcel was encumbered by an existing pole-line easement as well as an access easement in favor of the Village Water.
The proposal provided for the construction of some acres of drainage basins to handle storm water runoff.
At that time the subdivision regulations required the applicant to provide a dedication of open space land to the town equal to 20% of the land contained in the subdivision. The Frances Farms application was denied.
The Planning Commission then proposed an amendment to its subdivision regulations, to exclude certain easements and drainage improvements from open space calculations. That proposed regulation read as follows:
The following shall not be included in open space calculations:
 1) Land included in utility, power transmission, sewer, road and other access easements.
 2) Land set aside for drainage improvements and other easements or other encumbrances that limit the full use of the property.
As the defendant's attorneys said in their letter of CT Page 2864 September 25, 1995 in regard to that proposed amendment "it would appear that the second of the two categories is a bit vague. One could question which `easement or other encumbrances . . . limit the full use of the property' such that the land subject to them could not be included in the open space dedication." The letter went on to say that the language "`other easements or other encumbrances that limit the full use of the property' is probably too vague to withstand a challenge when it is applied to a particular application"
The Village Water Company opposed the amendment for three reasons one of which was that "Open space is an absolutely, totally compatible use of land above Village Water facilities mains. Public recreation or any open space use is very desirable in these areas."
The Connecticut Light and Power Company was vigorously opposed to any proposal that could possibly allow any use under its power lines.
The Town officials were in favor of the change and thought it necessary "because by their nature they [the excluded areas] do not offer the town the benefits of open space because they must be kept cleared of vegetative material in order to provide their functions." The Commission on November 28, adopted a slightly different amendment in place of the proposed regulation which reads as follows:
The following shall not be included in open space calculations:
 (1) Land included in above-ground power transmissions, road and other access easements.
(2) Land set aside for drainage structures.
The court does not know what municipal taxes will be assessed on any open space. But see C.G.S. § 12-107 et seq.
 Law
I Requirements for Declaratory Judgment
Defendant suggests that under practice book § 390(c) (now § 17-55 (3)) the court should leave the plaintiff "to CT Page 2865 seek redress by some other form of procedure." The court finds that there is no other appropriate process to achieve plaintiffs ends.
II Defendant's Authority
In November of 1994 the Town's Planning Commission adopted a plan of development which provides under its Open Space and Recreation section, Policy 1B, that some objectives of the plan include "Consideration for dedication of open space should be given to buffers between land uses, deeper setbacks along roadways, unique natural areas, agricultural land, floodplains and streambelts, wildlife habitats, and scenic vistas and ridge lines." The commission is authorized to do that under C.G.S. § 8-25(a). That statute states, inter alia, that, "such regulations shall also provide that the commissioner may require the provisions of open spaces, parks and playgrounds. . . ."
Any subdivision regulation must conform to C.G.S. § 8-25.Purtill v. Town Planning and Zoning Commission of the Town ofGlastonbury, 146 Conn. 570, 573.
If the plan submitted conforms to that statute's as followed in the regulations, the subdivision plan must be approved. RKDevelopment Corporation Norwalk, 156 Conn. 369, 375-376
In our situation there is no definition of "open space" in the plan of . . . development. In the statutes "open space, parks and playgrounds" may be required C.G.S. § 8-25(a). In slight contrast C.G.S. § 8-25b provides for payment "in lieu of any requirement to provide open space." The funds so collected "shall be used for the purpose of preserving open space or acquiring additional land for open space or for recreational or agricultural purposes."
When we come to the regulations we see no practical guidelines for the commission to determine what will satisfy the requirement of those regulations that there be open space. "Municipal planning is intended to promote the general welfare and prosperity of its people [cite omitted]. Consequently the requirement that regulations contain known and fixed standards to be applied to all cases of a like nature reduces the likelihood of an administrative body, unsure of its prerogative, acting in a capricious manner in the exercise of its authority." SonnPlanning Commission, 172 Conn. 156, 161 In that case the supreme CT Page 2866 court held that submission language authorizing the commissioner to act based on "unusual topography or property lines" left the commissioner almost unfettered authority and were not a sufficient guide.
It is clear that the commissioner may not adopt subdivision regulations simply so that the town will not be overburdened financially. Beach v. Panning Zoning Commission, 141 Conn. 79,84-85.
As to disapproval of a plan for development the court again in RK Development Corporation v. Norwalk, supra 377 said, "The reason given by the council for its disapproval was vague, uncertain in meaning and provided no information to the plaintiff to enable it to know wherein the plan submitted failed to satisfy the requirements of the regulations." The same kind of specificity is required in the regulations themselves.
"There is no question that the criteria contained in a zoning commission's regulations must be as reasonably precise as the subject matter requires and as reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligations" Helbig v. Zoning Commission,185 Conn. 294, 307-308.
In our situation the regulation, as now in place, excludes "(1) Land included in above ground power transmissions [sic], road and other access easements." The court infers that the power is to be transmitted by electric wire. But the court cannot infer what "other access easements" are. Are they footpaths, canoe rights on a stream, a small bridge, etc.?
In regard to the second exclusion which reads,: "(2) Land set aside for drainage structure." According to Webster's New International Dictionary, Second Edition, a structure is "(3) Something constructed or built, a building, a dam, a bridge, esp. a building of some size." The court cannot determine whether or not that includes an existing drainage pond or ditch with or without riprap.
The developer should be able to easily answer each of the court's above questions. It cannot.
III. Constitutional Questions
CT Page 2867
The court finds that the regulation fails to provide a "roughly proportionate" test. Dolan v. City of Tigard.115 S.Ct. 2309 (1994).
The commission could not reasonably find that there was an "essential nexus" to the property. Nollan v. California CoastalCommission, 1075 S.Ct. 3141.
The plaintiff "has the burden of proof of overcoming" the presumption that the regulation is constitutional, Troiano v.Zoning Commission, 155 Conn. 265, 269. The court finds plaintiff has met that burden beyond a reasonable doubt.
The court naturally is reluctant to overrule the decision of a municipal agency which does and should have discretion to exercise its authority with certain discretion but here it is required.
Judgment for plaintiff.
N. O'Neill, J.